Decided 22 July, 1901.

## HOOVER *v.* HOOVER.

[ 65 Pac. 796.]

AMENDING DECREE AFTER TERM—NOTICE.

1.  It seems that a judgment or decree can not be amended after the term at which it was entered, without notice to the opposing party and an opportunity for a hearing, certainly a final order can not be vitally changed after the term and without notice; as, for example, after the entry of a decree of divorce setting aside part of the husband's realty "for the use and benefit" of the wife, the court can not amend it, two years later, by a *nunc pro tunc* order vesting a fee in the divorced wife, without any notice or hearing.

Right to Appeal From Void Order.

2. An appeal will lie from an order or judgment made when the court entering it is without jurisdiction : *Deering* v. *Quivey*, 26 Or. 556, cited.

Amending Final Orders—Practice.

3. A commendable practice in opening final orders for further consideration, after the term at which they were entered, is to move in the trial court, supporting the motion by affidavit, all which should be served on the opposing side.

From Harney : Morton D. Clifford, Judge.

This is an appeal by Newt. Hoover from a *nunc pro tunc* order amending the final decree in the case of Alice L. Hoover against appellant.   In 1897 the plaintiff instituted a suit against the defendant for a divorce, and alleged in her complaint, among other things, that defendant was the owner and possessed of real property described as follows : "East half of the southwest quarter, section 8, township 25 south, range $32\frac{1}{2}$ east, Willamette Meridian,"—all of which had been acquired subsequent to their marriage.   The prayer was for a decree dissolving the bonds of matrimony, and allowing and setting apart to the plaintiff the real property thus described, and restraining the defendant from disposing of, or in any manner incumbering, the same.   Service was had by publication, but, the defendant failing to appear, default was entered, and J. W. Coleman was appointed referee to take the testimony and report his findings of fact and law.   The report of the referee contained, among his findings, one of fact, to the effect that defendant was the owner of the land, describing it as in the complaint, and, among the conclusions of law, that said real property should be set apart for the use and benefit of the plaintiff.   The court directed a "decree as per report of referee," as shown by its minutes contained in the judge's docket, and on November 5, 1897, the decree was entered as follows (omitting the formal part): "It is therefore considered, ordered, adjudged, and de-

creed that plaintiff have a divorce absolute from the defendant, and that the bonds of matrimony now existing between plaintiff and defendant be, and the same are hereby, dissolved ; and it is further decreed that the east half of the southwest quarter of section 4, in township 25 south of range 32½ east, Willamette Meridian, be, and the same is hereby, set apart to plaintiff for her own use and benefit.'' On November 4, 1899, nearly two years later, upon motion of the plaintiff, without notice to the defendant, the court made and entered an amended decree *nunc pro tunc*, which was in all respects like the first, except that section 8 was substituted for section 4 in describing the land, and the land itself was ''set apart in fee simple for her (plaintiff's) own use and benefit.'' On April 16, 1900, the defendant moved the court, upon notice to the plaintiff of his intention so to do, to set aside the amended or *nunc pro tunc* decree. This motion was denied, and the defendant appeals from the amended decree and the order last entered overruling the motion to set the same aside.        REVERSED.

*Messrs. John G. Saxton* and *King & Saxton* for appellant.

*Messrs. Parrish & Rembold* for respondent.

MR. JUSTICE WOLVERTON, after stating the facts, delivered the opinion of the court.

Several reasons are assigned by the defendant why the order denying the motion to set aside the amended decree and the decree itself should be reversed : (1) That the original decree was amended without notice to the defendant ; (2) that the amendment was made after the court had lost jurisdiction of the parties ; and (3) that the original decree, so far as it sought to set aside the defendant's real property for the use and benefit of the plaintiff,

is void. The plaintiff challenges the defendant's right to appeal, because he suffered default to be entered against him, and therefore that he has no standing in court, except upon application to be relieved of the default.

1. With the original decree we can have nothing to do, because there is no appeal from it. Whatever might have been the power of the court to amend the decree so as to correct the description of the land after the term by substituting the figure "8" for the figure "4," it appearing by the record that the erroneous entry in this respect was a mere misprision of the clerk, it is clear that it was without power to change or modify the entry so as to set aside the real property in fee simple for the use and benefit of the plaintiff. Under the original decree, she could claim nothing beyond a life use, but, as amended, it purports to vest her with a fee simple or absolute title. The change was very material and of vital import, and one which it was not competent for the court to make. It seems to be an imperative rule that a decree can not be altered or amended in a material particular, after the term at which it is given and rendered, without a rehearing, except as it may pertain to a matter which would follow, as of course, in giving full expression to the judgment of the court, and the amendment is such as the court would have made when the decree was entered if it had been asked for. But, in either event, there must be a petition or motion, with notice, and an opportunity to be heard; otherwise, the court is without jurisdiction to award the relief: *Jones* v. *Davenport*, 45 N. J. Eq. 77 (17 Atl. 570); *Dorsheimer* v. *Rorback*, 24 N. J. Eq. 33 ; *Jarmon* v. *Wiswall*, 24 N. J. Eq. 68 : *Clark* v. *Hall*, 7 Paige, 382 ; *Sprague* v. *Jones*, 9 Paige, 395 ; *Swift* v. *Allen*, 55 Ill. 303.

2.  A void order or judgment, made or entered at a time when the court is without power or jurisdiction to award it, is reviewable on appeal : *Deering* v. *Quivey*, 26 Or. 556 (38 Pac. 710); Elliott, App. Proc. § 110 ; *Livermore* v. *Campbell*, 52 Cal. 75.

3.  Ordinarily, there is no appeal from a judgment or decree given for want of an answer ; relief therefrom must be sought by an application to the trial court, and from the order touching the application an appeal will lie.    Now, in analogy to this practice, the defendant applied, by motion based upon affidavit, to the trial court to be relieved from a void decree.    He does not seek to disturb the original, but only the amended or *nunc pro tunc*, decree, which would affect him most vitally if valid. It was taken against him without notice or an opportunity to be heard, and hence, as to it, the defendant can not be said to be in default in any sense, and, being void, the court was fully authorized to set it aside and declare it a nullity : *Ladd* v. *Mason*, 10 Or. 308, 311, 312.    And this court is authorized to entertain an appeal for the purpose of purging the record of such a decree : *Trullenger* v. *Todd*, 5 Or. 36.    The method adopted by the defendant for getting rid of the amended decree is well calculated in practice to subserve the ends of justice, as it respects all parties interested, and is in harmony with the authorities so far as they have application to this particular case ; hence we are induced to give it our sanction.    The defendant should be relieved from the effect of the amended decree, and the action of the trial court in awarding it will therefore be reversed, leaving the original decree to stand as it was when first entered.

REVERSED.