Decided 20 October, 1902.

**HOOVER *v.* BARTLETT.**

[70 Pac. 378.]

</div>

° SETTING ASIDE JUDGMENT—ADEQUATE REMEDY AT LAW.

Where a judgment was based solely on a decree that was void because it had been amended without jurisdiction, the defeated party cannot sue in equity to set aside such judgment, for there was an adequate and complete remedy at law by offering the original decree, from an inspection of which it would have been apparent that the amended decree was void, and by appealing if the proffer had been rejected.

From Harney: MORTON D. CLIFFORD, Judge.

This is a suit by Newt. Hoover against Alice L. Bartlett and her husband to set aside a judgment. It is alleged, in substance, that, plaintiff having commenced an action to recover the possession of certain real property in Harney County, Oregon, defendants, at the trial thereof, were permitted, over his objection, to introduce as their only evidence a certain decree which had been rendered against him in favor of the defendant Alice L. Bartlett (then Hoover), but which had been amended, without notice to him, at a subsequent term of court, so as to make it conclusive against his recovery, and resulted in a verdict and judgment against him in said action, in fraud of his rights, and prejudicial to his interests. A demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of suit having been sustained, and the suit dismissed, he appeals.                     AFFIRMED.

For appellant there was a brief over the names of *John G. Saxton* and *Will R. King.*

For respondent there was a brief over the name of *Parrish & Rembold.*

MR. CHIEF JUSTICE MOORE, after stating the facts in the preceding terms, delivered the opinion of the court.

42 OR.—10

The amended decree given in evidence was undoubtedly void, as was afterwards held in *Hoover* v. *Hoover,* 39 Or. 456 (65 Pac. 796). The demurrer admits the allegations of the complaint to the effect that the introduction of this evidence resulted in the judgment dismissing the action, and this appeal presents the question of whether or not plaintiff had a plain, adequate, and complete remedy at law whereby he could have been relieved from the judgment rendered against him in consequence of the error in receiving such incompetent evidence. It is argued by plaintiff's counsel that no remedy at law existed, and that to have offered in evidence the original judgment roll in the said case of *Hoover* v. *Hoover,* at the trial of the action, for the purpose of showing that the amended decree was void, and to have objected thereto upon that ground, would have been a collateral attack, and not permissible; but that this suit, having been instituted to secure the cancellation of an unconscionable judgment, is a direct attack thereon, and, this being so, the court erred in sustaining the demurrer to the complaint. In an exhaustive note to the case of *Morrill* v. *Morrill,* 20 Or. 96 (23 Am. St. Rep. 95, 25 Pac. 362, 11 L. R. A. 155), the editors of the American State Reports, commenting upon objections interposed to the introduction in evidence of a judgment, an examination of which discloses that it was rendered without jurisdiction of the subject-matter of the action or of the person of the defendant, say: "In these cases there is no attack upon the judgment, either direct or collateral. That which was offered as a judgment appears, on inspection, not to be what it was claimed to be, and no necessity arises for attacking it in any manner." The amended decree, being void, could not, if properly objected to, become a foundation of the right of property, inconsistent with the original decree; and when such amended decree was offered in evidence it was incumbent upon plaintiff, if he would have avoided the effect thereof, to object thereto, and to save an exception to the action of the court in admitting it. A copy of the amended decree is attached to the complaint herein, and shows that the change was made at a subsequent term of the court, but it does

not appear therefrom that the amendment was secured in pur-suance of any notice to the plaintiff. An inspection of the judgment roll in the case of *Hoover* v. *Hoover*, 39 Or. 456 (65 Pac. 796), had it been offered in evidence, would undoubtedly have disclosed that the decree complained of had been made without notice, thereby rendering it void. It was the duty, therefore, of the plaintiff to offer such judgment roll in evidence, and to request the court to instruct the jury thereon; and, if it failed to comply therewith, to appeal from the judgment dismissing the action of ejectment. Such appeal would have corrected the error; but as plaintiff by such means had a full, adequate, and complete remedy at law, equity is powerless to set aside such judgment: Hill's Ann. Laws, § 380. It follows from these considerations that no error was committed in sustaining the demurrer, and hence the decree is affirmed.

AFFIRMED.

Decided 27 October; rehearing denied 8 December, 1902.