Argued May 5, decided July 13, 1909.

## OREGON R. & N. CO. *v.* EASTLACK.

[102 Pac. 1011.]

APPEAL AND ERROR—JUDGMENTS APPEALABLE—FINALITY.

1. A judgment in condemnation proceedings that the land sought to be taken is appropriated and taken from defendant by plaintiff on the deposit by plaintiff of a specified sum, and without reserving anything for the court's further determination, is a final judgment, and appealable, though plaintiff did not make any deposit.

APPEAL AND ERROR—JUDGMENTS APPEALABLE—VOID JUDGEMENTS.

2. A void judgment, entered at a time when the court is without jurisdiction to award it, is reviewable on appeal.

EVIDENCE—COMPENSATION—COMPETENCY.

3. In condemnation proceedings, evidence of what plaintiff paid for other property for use in the same enterprise is incompetent, whether offered as substantive evidence, or on cross-examination as a test of an expert's knowledge.

TRIAL—OBJECTIONS TO EVIDENCE—SUFFICIENCY.

4. The rule that objections to evidence must be specific does not apply, where the evidence is clearly inadmissible for any purpose, in which case a general objection is sufficient.

TRIAL—RECEPTION OF EVIDENCE—OBJECTIONS.

5. In condemnation proceedings, an objection to evidence of what plaintiff paid for other property for use in the same enterprise, on the ground that the evidence was not the measure of value, was sufficient to raise the question of the admissibility of such evidence, offered as substantive evidence, or on cross-examination as a test of an expert's knowledge of value.

EVIDENCE—RELEVANCY—VALUE.

6. In condemnation proceedings, evidence of what the property was sold for, or was estimated to have brought, in an exchange made twelve or fifteen years before, is inadmissible.

EVIDENCE—OPINIONS—FACTS FORMING A BASIS OF OPINION.

7. In condemnation proceedings, a witness cannot base his opinion of the value of the land sought to be taken on what he had heard plaintiff had paid for other land for use in the same enterprise.

From Union: JOHN W. KNOWLES, Judge.

This action was brought to condemn land by the Oregon Railroad & Navigation Co. against John Eastlack and others. From a judgment awarding the property to plaintiff on payment of a specified sum, it appeals.

REVERSED.

For appellant there was a brief over the names of *Mr. William W. Cotton* and *Mr. Arthur C. Spencer*, with oral arguments by *Mr. Spencer* and *Mr. Thomas H. Crawford*.

For respondent there was a brief over the names of *Messrs. Ramsey & Oliver*, with an oral argument by *Mr. William M. Ramsey.*

Mr. Justice Slater delivered the opinion of the court.

This action was brought to condemn for the use of the plaintiff lots 2, 3, 4, and 5, in block 12, of Riverside addition to the town of La Grande, to enable it to construct additional side tracks, switching facilities, and repair shops in its depot grounds in said city. The complaint is in the usual form, alleging the plaintiff's corporate existence; the extent and character of its business as a common carrier; the necessity of the use of said lots in the performance of its public duties; its inability to agree with the owners as to the value thereof, which, it is averred, does not exceed $250.

The answer admits the material averments of the complaint, except the alleged value of the land sought to be taken, which is therein stated at $3,000. At the trial plaintiff called J. B. Eddy to testify in its behalf as to the value of the lots. After stating that for seven or eight years he had been assistant right of way agent of the plaintiff, and during that time had been familiar with the lots in question, and otherwise qualifying to the satisfaction of the court as a competent witness, he testified that the lots were worth $100 to $150 a lot, according to the lay of the land. On cross-examination he was asked: "You bought block 13 from Mr. Grandy?" The answer was, "Yes." He then was asked: "Tell us what the Oregon Railroad & Navigation Company paid for block 13." This was objected to by plaintiff "as not the measure of valuation." Before a ruling was made by the court, counsel for defendant asked: "When did you buy block 13?" To which the answer "I guess about a year ago," was given. Then the court overruled the previous objection, and the question was repeated in this form: "What did you pay for block 13?" To which witness replied: "I paid $5,000 for block 13." Again

witness was asked: "You bought lot 6 in block 12 also?" To which counsel for plaintiff objected as incompetent, irrelevant, and immaterial. The objection was overruled; and, after stating that lot 6 was bought in connection with a parcel of land lying south of block 13, witness was asked what he paid for lot 6 and the parcel south of block 13. The answer was, "$5,000." After witness had answered, plaintiff interposed the same objection as previously made. But, the court declining to rule on the objection because the question had been answered, plaintiff moved to strike out the answer as incompetent, irrelevant, and immaterial. This was denied. B. W. Grandy, as witness for plaintiff, testified that the lots were worth $400 to $500. On cross-examination he stated he at one time had owned them, and that 12 or 15 years ago he sold them to Mr. Crane, from whom defendants inherited the property. He was then asked: "What was the consideration for the sale?" Witness said he traded the lots for a piece of land. He was asked: "What did you regard these lots as worth in that trade?" This was objected to as "incompetent, irrelevant, and immaterial, unless it was a cash proposition, or something that can be measured by money; this not being evidence of market value." The objection was overruled, and the witness answered: "He asked $600 for the property, and I asked $400 for the lots—we traded that way, and I gave him $200 to boot. That's the way we traded." This witness was also required to state, over plaintiff's objections, that he and his son had sold said block 13 to plaintiff for $5,000. Fred Hamilton was called by the defendant to testify as to the value of the lots. He stated he had seen these lots, and, being asked what he knew about the value of real estate in that vicinity, said he knew "only what other property was selling for in that neighborhood." Being asked what was the value of the lots in question for any purpose to which they can be applied, an objection was made that witness had not shown

himself qualified to testify. This was overruled, and witness answered: "Well, as I stated before, I based my opinion on what other land in that vicinity is selling for. I have been told that land in there—them lots in there—that Mr. Grandy sold eight lots for $5,000 to $6,000." The question being renewed, witness said: "Well, I would not like to say, because I really don't know exactly." On plaintiff's motion the former answer was stricken out. The same question was again asked, and the answer was: "Why, if these Grandy lots are worth $5,000 on a closed street, then these lots, I should think, should be worth on an open street at least one half." This was also stricken out, and the jury instructed not to consider it. Witness was again asked to state what in his judgment these lots are worth without making reference to any other property, and he answered: "Well, I should say, $2,500." On cross-examination witness stated that his opinion as to the value of this property was based on what he had heard the Grandy property had sold for, and, based thereon, plaintiff moved to strike out this testimony, which motion was denied. A verdict for $1,300 was rendered in favor of defendant, and a judgment was entered appropriating the property to the plaintiff upon the payment of the said sum, from which plaintiff has appealed, assigning as errors the several rulings of the court above stated.

## On Motion to Dismiss.

1. Defendants have moved to dismiss the appeal upon the ground that the judgment from which the appeal is attempted to be prosecuted is not a final judgment or order, that it is a void judgment, and that plaintiff had abandoned the proceedings. The argument is that because the judgment upon its face shows that plaintiffs never paid to the clerk of the court below the amount of damages assesed by the jury, as required by Section 5102, B. & C. Comp., the court had no power to enter any

judgment, and hence what it attempted to do in that respect is a nullity. The question whether the court had power to render and enter an order or judgment of the character disclosed by the record has been dicussed at considerable length by counsel, but we are of the opinion that in order to sustain the jurisdiction of this court to entertain this appeal, it is not essential to determine that question. Conceding all that defendants claim as to the effect of the judgment with respect to a transfer of title, it is nevertheless a judgment in form. It concludes the parties as to plaintiff's right and power to condemn, the amount to be paid for the property, and the payment of costs, and adjudges "that said lands hereinbefore particularly described, and the title to the same as it obtained and existed upon the date of the filing of the complaint in this case, be and the same is hereby appropriated and taken from the defendants to this plaintiff upon the deposit by the plaintiff in lawful money of the United States of the sum of $1,300," etc. Nothing was reserved by the court for its further consideration or determination, but as to it the judgment entered was a final act.

2. As to the plaintiff, it was required to pay the amount thereby adjudged as lawful damages before it can acquire any title, and upon making payment it would be entitled to execution if the judgment was not void. But a void order or judgment, made or entered at a time when the court is without power or jurisdiction to award it, is nevertheless reviewable on appeal, *Trullenger* v. *Todd,* 5 Or. 36; *Smith* v. *Ellendale Mill Co.,* 4 Or. 70; *Deering* v. *Quivey,* 26 Or. 556 (38 Pac. 710); *Hoover* v. *Hoover,* 39 Or. 456 (65 Pac. 796). Under the statutes of some states a failure of the condemning party to pay the amount of the award within a fixed time after the confirmation of the award, or the entry of the final judgment in the condemnation proceedings, amounts to an abandonment of the proceedings. 15 Cyc. 940. But

we have no such statute here, and without it this court has no power to limit or curtail the right given by the statute to appeal when that right has once attached. In the case of *Oregonian Ry.* v. *Hill,* 9 Or. 378, there was no assessment of damages by the court or by a jury, but a judgment *in personam* was rendered upon the allegations in the answer as by default, and in *Oregon Ry. Co.* v. *Bridwell,* 11 Or. 282 (3 Pac. 684), a jury assessed the damages, but a personal judgment was entered for the amount.   In each of these cases the judgment was held to be without authority of law and a nullity, yet an appeal therefrom was entertained.   It follows that the motion to dismiss must be overruled.

## ON THE MERITS.

3. The several assignments of error respecting the rulings of the court on admission of the evidence of Eddy and Grandy may well be considered together, as they involve the same principle.   There appears to be some conflict of judicial authority upon the question whether in proof of value, evidence of particular sales is admissible.   The preponderance of authority, however, supports the affirmative of this proposition.   There is a variety of judicial utterance, especially in appropriation or eminent domain cases, upon the question of the admission of collateral evidence of values.   It is stated by Mr. Elliott, in volume two of the second edition of his work on Railroads, at section 1036:

"It is held that evidence of the selling value of lands in the neighborhood may be given, as tending to establish a basis from which the landowner's damages can be assessed in cases where the land taken is not shown to have any definite market value; but, as a general rule, where there is a definite market value, that value should be taken as the basis for estimating compensation.   Evidence of actual sales of such lands has been held admissible in cases where the market value of the land sought to be condemned was in dispute, though other authorities hold such evidence inadmissible upon the ground that it is

the general selling price of land in the neighborhood which is the test of its value, and not the price paid for particular pieces of property. The sales proven must have been of land similar in character and location to that condemned, and must have been made near the time of taking."

That author is inclined to doubt the soundness of the cases which hold evidence of particular sales to be competent, although he thinks it proper to test the knowledge of witnesses by asking them, on cross-examination, whether they know of such sales. In support of this view the following cases may be consulted: *East Pa. R.* v. *Hiester,* 40 Pa. 53; *Pa. & N. Y. R. Co.* v. *Bunnell,* 81 Pa. 414; *Pa. & S. V. R.* v. *Ziemer,* 124 Pa. 560 (17 Atl. 187) ; *Montclair R. Co.* v. *Benson,* 36 N. J. Law 557; *C. P. R. Co.* v. *Pearson,* 35 Cal. 247-262; *Selma R. & D. R. Co.* v. *Keith,* 53 Ga. 178; *In re Thompson,* 127 N. Y. 463 (28 N. E. 389: 14 L. R. A. 52). On the other hand, the propriety of allowing proof of the sales of similar property to that in question, made at or about the time of the taking, is said by Mr. Lewis on Eminent Domain (Volume 2, § 443) to be "almost universally approved by the authorities." See, also, 1 Wigmore, Evidence, § 463. It is conceded, however, in those jurisdictions excluding such testimony as substantive evidence of value, that on cross-examination of an expert witness testifying as to value, for the purpose of testing his knowledge of the market value of land in the vicinity, he may be asked to name such sales of property, and the prices paid therefore, as have come to his attention. *In re Thompson,* 127 N. Y. 463 (28 N. E. 389: 14 L. R. A. 52) ; Elliott, Railroads (2 ed.) § 1036; Greenleaf, Evidence (15 ed.) § 448; *C. P. R. Co.* v. *Pearson,* 35 Cal. 247, 262; *Kansas City & T. R. Co.* v. *Vickroy,* 46 Kansas 248, 250 (26 Pac. 698) ; *Chicago K. & N. R. Co.* v. *Stewart,* 47 Kan. 703, 706 (28 Pac. 1017). Whatever may be the better rule upon the controverted question of the admissibility of particular sales as substantive

evidence of value, we are not now called upon to determine, for in any event it appears to be conceded by most of the cases that what the party condemning has paid for other property to be used in the same enterprise is incompetent, whether offered as substantive evidence, or on cross-examination as a test of an expert's knowledge of value. 2 Lewis, Eminent Domain, § 447.

"Such sales are not a fair criterion of value" says that eminent author, "for the reason that they are in the nature of a compromise. They are affected by an element which does not enter into similar transactions made in the ordinary course of business. The one party may force a sale at such a price as may be fixed by the tribunal appointed by law. In most cases the same party must have the particular property, even if it costs more than its true value. The fear of one party or the other to take the risk of legal proceedings ordinarily results in the one party paying more, or the other party taking less, than is considered to be the fair market value of the property."

It is claimed by the defendants' counsel that the questions propounded to Eddy on cross-examination, by which he was required to state the amounts paid for block 13, and for lot 6 in block 12, with other adjacent property, was not for the purpose of offering substantive testimony as to value, but to test the knowledge of the witness. The form of the interrogatories and the general character of the cross-examination of the witness do not indicate that any such limitation was intended. The court in ruling upon the offer did not so limit the effect of the evidence received, and we have no doubt the jury understood and treated the evidence as proof of value. But, however that may be, under any view that may be taken of the matter it was not admissible.

4. It is also claimed by the defendants' counsel that the form of the objections made to the admission of testimony is not sufficiently specific to raise the question on which the evidence might have been excluded. It

was first objected to "as not the measure of value." This went to the substance of the evidence, and shows for what purpose opposing counsel understood it was offered. The challenge appears to have been accepted in that view by the party offering it; otherwise it was his duty to have restricted the purpose of the inquiry, so as not to have gained any unfair advantage from the effect of the evidence when admitted. However, a party has a right to waive the application of the rules of cross-examination made for his protection; and, if this evidence were admissible for any purpose, we would be inclined to hold otherwise as to the error raised by this objection and the general objections following it made to the same character of evidence.

"The general rule that objections to evidence must be specific, admits of this exception: That if they cannot in any manner be obviated, or if the evidence is clearly inadmissible for any purpose, a general objection will suffice." 8 Enc. Pl. & Pr. 228.

5. It is claimed by the defendants' counsel that, when the evidence was taken as to what plaintiff paid for block 13, and for lot 6, block 12, and the additional irregular piece, there was no suggestion that such pieces were bought for station purposes. The bill of exceptions recites that "there was no evidence on the part of the plaintiff at the time of the trial that plaintiff or Mr. Eddy paid Grandy more for block 13, * * than it was worth when it was purchased; the only claim being that the same was part of the property acquired by the railroad company in extending its yards." Whether the "claim" mentioned was presented in the form of evidence or by argument of counsel is not specifically stated. It can be rightfully inferred that it was by evidence. But it is certified that such claim was made, and the record contains a plat offered in evidence showing the relative position of these blocks and lots with reference to the property in question, and also to plaintiff's track and

yards. From this it appears that a part of them lie between plaintiff's tracks and the property sought to be taken in this suit. The property in question could not well be used for general yard purposes without also using block 13, and lot 6 in block 12, and the triangular piece between block 13 and plaintiff's tracks. The whole situation is quite similar to that developed in the case of *Metropolitan St. Ry. Co.* v. *Walsh,* 197 Mo. 392 (94 S. W. 860) where the evidence was held sufficient to show that the other lands mentioned in the evidence were purchased for use in connection with the land sought to be condemned. For these reasons we are impelled to hold that substantial error was committed in admitting such testimony.

6. Grandy was required, over plaintiff's objections, to state for what he had sold the premises, now in controversey, to one Crane 12 or 15 years before. This was improperly received. If the owner has purchased the property within a time so recent that its cost will afford any fair indication of its present value, it has been held by some courts that it is competent to show the cost; but what the property may have sold for, or may be estimated to have brought in an exchange made 12 or 15 years before, affords no proper basis for determining its present value. *Denver R. Co.* v. *Schmitt,* 11 Colo. 56 (16 Pac. 842). For the same reason the testimony of Susan Eastlack to the same effect and the deed of Grandy to Crane were inadmissible.

Hamilton testified in defendants' behalf, as one acquainted with market value of town lots in that vicinity, that the value of the lots in question was at least $2,500, but on cross-examination it developed that his opinion was based exclusively upon what he had heard plaintiff had paid Grandy for block 13. Plaintiff moved that his testimony be stricken out, which was denied. This was error, because what plaintiff paid Grandy was not a fair criterion of value, and an opinion based thereon

was valueless as evidence of the general market value.

Other errors are assigned; but as they will not likely recur on a retrial of the case, which appears to be unavoidable, there is no necessity to refer to them at this time.

The judgment is reversed and the cause remanded for a new trial.                                    REVERSED.

Decided July 18, 1909.