Argued May 4, decided June 7, 1910.

## W. J. FUNK & CO *v*. STEVENS.

[109 Pac. 133.]

APPEAL AND ERROR—REVIEW—INSUFFICIENT BILL OF EXCEPTIONS.
Documentary evidence, when not made a part of the bill of exceptions, cannot be considered on appeal.

From Wallowa: JOHN W. KNOWLES, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an action by W. J. Funk & Co. against T. M. Butler, C. W. Stevens, Mabel Butler, and Lillias A. Stevens for goods sold and delivered. "The complaint alleges that T. M. Butler and Mabel Butler are husband and wife, and C. W. Stevens and Lillias A. Stevens, the respondent here, are also husband and wife. It also alleges that T. M. Butler and C. W. Stevens are partners. It alleges that the appellant sold and delivered the goods, wares, and merchandise to defendants, and also that the goods were family supplies used jointly by the families of defendants. Judgment was entered against defendant C. W. Stevens

by default, and the respondent answered separately, and on trial as against her a judgment of nonsuit was entered. At the time of the trial the other defendants had not been served and had not appeared.

The answer denies all the allegations of the complaint, except as admitted in the answer. It is admitted that T. M. Butler and C. W. Stevens were partners, and that Lillias A. Stevens was the wife of C. W. Stevens, and Mabel Butler the wife of T. M. Butler. It admits that goods, wares, and merchandise were sold and delivered to the said Butler & Stevens between August 7, 1907, and December 26, 1907, in the amount set out in the complaint. The answer for respondent does not admit the reasonable value of any goods sold to either or any of the parties."

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Burleigh & Boyd,* with an oral argument by *Mr. James A. Burleigh.*

For respondent there was a brief and an oral argument by *Mr. James D. Slater.*

MR. JUSTICE McBRIDE delivered the opinion of the court.

The evidence in this case tends to show that the goods were charged in the first instance to the partnership consisting of Butler & Stevens, who were engaged in raising stock. Some of the articles were consumed by the family of Butler, some by that of Stevens, and a part by the employees of the firm at the sheep camp. The bill of exceptions contains no evidence tending to show the reasonable value of that portion consumed by the family of Stevens, nor is there anything by which we can ascertain that value. It appears that certain sale slips were introduced as evidence, which, it is possible, might have thrown some light upon the value of some of the articles said to have been used by the family of Stevens; but these were

not made a part of the bill of exceptions, and under the rule announced in *Keady* v. *United Railways Co.*, 108 Pac. 197, and cases there cited, we cannot consider them.

The judgment of the lower court is affirmed.

AFFIRMED.