Argued January 16, decided January 23, 1912.

# PACIFIC RY. & NAV. CO. v. ELMORE PACKING CO.

### [120 Pac. 389.]

EVIDENCE—OPINION—VALUE OF PROPERTY IN CONDEMNATION PRO-
CEEDINGS..

1. While a witness acquainted with the circumstances may detail the
facts from which a conclusion may be deduced as to the extent of injury
sustained or contemplated, he may not invade the province of the jury
and express an opinion thereon ; so that, in condemnation proceedings, a
witness was improperly allowed to testify as to the amount of damage
the defendant would sustain by the condemnation of a right of way
through his property.

EMINENT DOMAIN—PROCEEDINGS TO TAKE PROPERTY BY EMINENT
DOMAIN—PRICE PAID FOR SIMILAR PROPERTY.

2. In eminent domain proceedings, the amount of damage sustained or
anticipated by the defendant cannot be measured by the amount of
damages paid to an owner of adjoining land, so that evidence as to
settlement made by such owners was improperly admitted.

EMINENT DOMAIN—PROCEEDINGS TO TAKE PROPERTY—EVIDENCE.

3. A railroad has no power to obligate itself as to the running of its
trains in a way which would interfere with the right of the public therein,
so that in proceedings to take property for a right of way an answer of
a witness who was the engineer in charge of the construction that the
company would obligate itself that the traffic between the factory and
the wharf of the defendant would not be interfered with was improper.

EMINENT DOMAIN—PLEADING—AMENDMENT OF COMPLAINT BY STATE-
MENT—INSTRUCTIONS.

4. A statement filed by the plaintiff in condemnation proceedings
after the issues were made up waiving a right to take a full 100 feet as
a right of way and restricting the amount to 75 feet, and also reserving to
the defendant the right of crossing plaintiff's right of way at some
suitable point, cannot be considered an amendment to the complaint, as
it offered no opportunity to the defendant to move to have it made more
specific so as to designate the place and width of the proposed crossing
and which party was to make and maintain it, which were proper to be
considered by the jury, and instructions which dealt with the plaintiff's
complaint as though it were modified by the waiver filed were improper as
not predicated on any issues involved.

TRIAL—INSTRUCTIONS—BASIS IN EVIDENCE.

5. And, where the statement was filed prior to the trial, and, while called
to the attention of the court, was neither offered nor read in evidence,
instructions which take it into consideration are improper, as not based
upon any evidence given at the trial.

EMINENT DOMAIN—PROCEEDINGS—OPEN AND CLOSE.

6. Under Section 6860, L. O. L., which provides that an action for the
condemnation of real property shall be commenced and proceed to a

final determination in the same manner as an action at law, and under Section 132, L. O. L., which allows a plaintiff in a civil cause the right to open and close the introduction of evidence, and the argument to the jury, unless the court for special reasons otherwise directs, the refusal to allow defendant to open and close in a proceeding for the condemnation of land is discretionary with the court, and not subject to review in the absence of plain abuse.

From Tillamook: WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by the Pacific Ry. & Navigation Company against the Elmore Packing Company for the condemnation of land. It is stated in the amended complaint that plaintiff is a corporation authorized to build, maintain, and operate lines of railway in Oregon; and the defendant is also a private corporation; that, pursuant to the powers granted to plaintiff, it caused to be surveyed, staked out, located, and definitely adopted a line of railway from Tillamook northerly through Garibaldi, in which latter town such line crosses lot 1 in block 2, and lot 4 in block 1, and also the tidelands fronting and abutting thereon, of which premises the defendant is the owner and in the possession; that in the construction and operation of the railway so surveyed it is necessary that plaintiff shall have for its use, through such real property, a right of way 100 feet in width; and that the parties hereto have been unable to agree as to the compensation to be paid therefor.

The answer admits that the defendant is the owner of the specified real property which abuts upon Tillamook Bay; that such water privilege is of great value for manufacturing purposes; that, long prior to the location of a railway across the premises, defendant placed thereon a wooden building, to which was attached a large quantity of valuable machinery in order to conduct the business of canning salmon, and also constructed across the tidelands, contiguous to such lots, a wharf which extended to deep water; that on the line of such navigability defendant also

erected a large dock and warehouse, and for many years has used such buildings and machinery, and employed the wharf and warehouse for trade and commerce in operating a salmon cannery; that, if the strip of land 100 feet wide be appropriated to plaintiff's use, defendant will be deprived of ingress and egress to and from his cannery and warehouse and its property will thereby become valueless; that it will be necessary to move the cannery machinery, the value of which is $5,000; that such mechanism has been used for some time, and, by reason of the effect thereon of the atmosphere at the sea coast, the machinery cannot be removed without total destruction, to defendant's damage in the sum of $5,000; that the value of the lands undertaken to be appropriated is $20,000, and the damage thus resulting to defendant will be that sum, for which judgment is demanded.

The reply admits that the worth of the lands sought to be condemned, together with the damages which the defendant would sustain by reason of the appropriation, is $500, and that some machinery is in the cannery, but denies that any part thereof occupies the place demanded for the right of way. For an affirmative reply it is alleged that the increased shipping facilities to be afforded by building the railway and the protection which its construction will give to the shore line of the defendant's premises will greatly exceed the value of the cannery site, together with the lands in front thereof. All other averments of new matter in the answer are denied.

The issues being thus formed, there was filed prior to the trial a writing, the material parts of which are as follows:

"Comes now the plaintiff, and waives the right to appropriate the northerly 25 feet of the right of way described in its amended complaint, and consents that the judgment of appropriation in this case shall be limited to a strip of land 75 feet wide, being 50 feet southerly and 25 feet northerly from and parallel with the center line

of plaintiff's railway, as surveyed and located through the property described in the said amended complaint. Plaintiff further stipulates that the judgment for such appropriation shall reserve to the defendant the right to cross the plaintiff's right of way at some suitable and convenient point on the premises described in the amended complaint."

The cause was tried and the jury found in favor of the plaintiff for the condemnation and possession of the property demanded, as modified by the waiver and subject to the reservation to cross the railway at some suitable place on the premises, assessing the damages which the defendant sustained by reason of the appropriation at $1,000. A judgment was entered on the verdict, and the defendant appeals. REVERSED.

For appellant there was a brief over the names of *Messrs. Charles W. and George C. Fulton* with an oral argument by *Mr. George C. Fulton.*

For respondent there was a brief over the names of *Messrs. Snow & McCamant* with an oral argument by *Mr. Wallace McCamant.*

MR. JUSTICE MOORE delivered the opinion of the court.

Many exceptions to the ruling of the court were taken by the defendant's counsel, but only a few of the alleged errors will be considered. George L. Davis, the engineer in chief in charge of the railway construction, as plaintiff's witness testified that, limiting the width of the right of way to 75 feet as specified in the written waiver, the area of defendant's land required was one-fifth of an acre; that the grade of the roadbed at the wharf would practically be level with that structure; that the extended line of the altered right of way would intersect the cannery at a point 22 feet north of the southwest corner, and cut from that building 847 square feet of surface; that he had examined the cannery, which was a cheaply con-

structed building, now quite old, and its foundations were not in good repair; and that he had inspected the machinery placed in the structure, and knew how it was arranged. The witness, having further testified that he was conversant with the values of land in Tillamook County, was asked: "State what in your opinion is the damage that the defendant will sustain by the appropriation of the right of way involved in this case and shown by your map," referring to a plat of the survey, "his buildings and land." An objection to the question on the ground that it was immaterial, irrelevant, and incompetent and called for an opinion as to what constituted damages and estimated the measure thereof, was overruled and an exception allowed, whereupon Davis answered:

"Two hundred and fifty dollars I would judge from the settlement we have made with adjoining property would be ample for the land, and $150 for the buildings, $400 total."

1. The legal principle has been firmly established in this State that in actions for damages a witness acquainted with the circumstances involved would be permitted to detail the facts from which a conclusion might be deduced as to the extent of the injury sustained or contemplated; but that he could not be allowed to express an opinion as to the amount of loss, hurt, or deterioration caused by the negligence, design, or accident of one party to another in respect to the latter's person or property, because it was the exclusive province of the jury to assess damages pursuant to the rules of law declared by the court: *Burton* v. *Severance*, 22 Or. 91 (29 Pac. 200); *United States* v. *McCann*, 40 Or. 13 (66 Pac. 274); *Pacific Livestock Co.* v. *Murray*, 45 Or. 103 (76 Pac. 1079). An error was committed in permitting the witness, over objection and exception, to answer the question hereinbefore quoted. It will be

remembered that Mr. Davis based his estimate as to the amount of damages which the defendant would sustain by reason of the condemnation of its land on the sums of money which the plaintiff had paid to the owners of adjoining property in settlement for rights of way. The motion of defendant's counsel to strike out this answer was denied, and an exception allowed. This witness, having· testified that the distance between the places named in the following question was about 13 miles, was asked: "State what the expense of plaintiff has been for rights of way from Tillamook north to Garibaldi." And over objection and exception answered: "About $10,000."

2. The amount of damages sustained or anticipated by a party in consequence of the proposed condemnation of his land to a public use cannot be estimated by the compensation paid by a railway company for the fee or easement in adjoining or similar land. The rights of an owner to employ his property in such manner as best to conserve or promote his interests are not to be measured by the generosity, necessity, or estimated advantage which may have induced others to part with the title to their real estate, or to relinquish claims for damages by reason of injuries thereto: *Oregon R. & N. Co.* v. *Eastlack,* 54 Or. 196 (102 Pac. 1011). See the notes to this case. 20 Ann. Cas. 695.

Errors were committed in refusing to strike out the answer of the witness as to the measure of damages based on settlements made with owners of adjoining property, and in permitting him to testify as to the compensation paid for rights of way for the distance specified.

3. This witness was further interrogated as follows:

"State, Mr. Davis, whether the construction work of the plaintiff will interfere with the operation of that cannery (referring to defendant's building in which salmon were hermetically sealed in tin cans and then prepared for market) this year or any other time when the railroad is constructed."

Over objection and exception, he replied:

"Our company will obligate itself that the traffic between the cannery and the wharf will not be interfered with."

The community at large is interested in the operation of trains on lines of railway according to schedule tables, and neither the railway company nor any of its agents is empowered unreasonably to trench upon or restrict the right which might tend to injure the public: *Ford* v. *Oregon Electric Ry. Co.*, 60 Or. 278 (117 Pac. 809). If the defendant could exercise the privilege thus attempted to be assured, and were engaged in loading at its wharf a vessel with cases of canned salmon in doing which it became necessary to cross the railway track with trucks or other vehicles, the interruption might delay the passage of trains until the task of receiving the entire freight was accomplished. A moment's reflection will compel the conclusion that such privilege could not be granted to the defendant, and that errors were committed as alleged.

4, 5. The waiver and stipulations filed in this cause after the action was commenced but prior to the trial, were called to the attention of the court, but not offered or read in evidence. Based on such relinquishment and reservation, the jury were instructed as follows:

"In estimating the damage to the land, the jury will consider the quantity and value of the land taken by the railway company for right of way, which in this case is 75 feet by 110 feet, including buildings, etc., and the damage to the whole tract by reason of the road running through it. * * * You are also instructed that the following·is the form of verdict that you are required to bring in, to wit: 'We, the jury in the above-entitled cause, find for the plaintiff for the appropriation and possession of the property described in the amended complaint, as modified by the waiver filed by plaintiff, and with the reservation of a right to the defendant to cross said right of way as specified in the waiver of plaintiff, and

we assess the damages of the defendant for such appropriation and possession at $———.' "

Exceptions having been taken by defendant's counsel to the parts of the charge limiting the width of the right of way to 75 feet, and to the reference in the form of the verdict to the property described in the amended complaint, "as modified by the waiver filed by plaintiff, and with the reservation of a right to the defendant to cross said right of way," etc., it is maintained that errors were committed in the use of the language so employed. The waiver and stipulation were probably treated by the court, in effect, as an amendment to the complaint, which averments not having been denied were considered as established. If the assumed change had been made in the complaint, defendant's counsel could have moved the court to require the stipulation to be made more specific in designating the particular place where the line of railway was proposed to be intersected, the width of the reserved crossing, and which party was to make and maintain it. These were important elements which the jury ought to have considered in estimating the damages which the defendant would sustain, and they should have been incorporated in the complaint so as to form the basis of a proper judgment.

The instructions complained of were not predicated upon any issues involved in the cause, nor supported by any evidence given at the trial, and in charging the jury as set forth errors were committed.

6. In view of the conclusions reached herein, it is believed that another alleged error should be examined. Immediately after the jury were impaneled, defendant's counsel moved the court for an order permitting them to open and close the case as to introducing evidence and arguing to the jury the facts which they expected to prove, but, the application having been denied and an

exception saved, it is contended that an error was thereby committed. It is argued that as the answer did not controvert any averment of the complaint, but set forth the facts constituting the damages which would result from the appropriation, which latter allegations were denied in the reply only as to damages in excess of $500, the affirmative of the issues devolved as a matter of right on the defendant, entitling it to open and close the case, and hence was not a matter of discretion.

An action for the condemnation of real property shall be commenced and proceed in to final determination in the same manner as an action at law, except as otherwise specially provided in the title regulating the manner of appropriating land for corporate purposes. Section 6860, L. O. L. The method of conducting the hearing of a cause is as follows: "When the jury has been completed and sworn, the trial shall proceed in the order prescribed in this section, unless the court for special reasons otherwise direct"—setting forth the course to be pursued. Section 132, L. O. L. It will be seen that a court may order a trial to be conducted in a different manner from that indicated, and such regulation in our opinion is a matter of discretion that ought not to be reviewed except in case of an abuse of the power conferred, which is not manifest herein.

For the errors committed, as hereinbefore adverted to, the judgment is reversed and the cause remanded for such further proceedings as may be necessary, and not inconsistent with this opinion.          REVERSED.