Argued February 4, decided February 11, rehearing denied March 25, 1913.

## PORTLAND v. TIGARD.

(129 Pac. 755.)
(130 Pac. 982.)

**Evidence—Expert Evidence—Value.**

1. Expert witnesses may give their opinions as to the increase in the market value of a lot by reason of a street improvement, and are not limited to giving their opinion of its value before and after the improvement.

**Municipal Corporations—Public Improvements—Assessment of Damages—Date.**

2. Where, in a street opening proceeding under the Portland charter, the report of the viewers as to the damages therefrom is adopted by the city council, and an appeal taken to the circuit court, the damages should be determined as of the date when the city council adopted such report, and not of the date of the trial in the circuit court.

**Evidence—Expert Testimony—Qualifications of Witness.**

3. A real estate dealer having charge of the sale of a tract of platted land adjacent to the property sought to be condemned, having an idea of the value of land in nearly every section of the country, and a fair idea of the market value of property in the location of that involved, could testify as to the value of that sought to be condemned.

**Evidence—Value—Cost Price.**

4. In a proceeding to assess the damages for property taken for a street, testimony as to the price paid therefor two and one-half years before was properly excluded; the time being too remote.

**Evidence—Expert Evidence—Value.**

5. In a street opening proceeding an expert, duly qualified for the purpose of showing the increased market value of defendant's property resulting from the opening of the street, was properly permitted to answer a question calling for his opinion as to the amount of benefit which at that time would be conferred on certain adjoining property by the opening and extending of the street.

From Multnomah: WILLIAM N. GATENS, Judge.

Statement by MR. JUSTICE EAKIN.

This is an action by the City of Portland against C. S. Tigard and others. On April 27, 1910, the city council of the City of Portland passed Ordinance No. 21,130, adopting the report of the viewers, which said ordinance assessed the benefits and damages occasioned to adjacent owners by the location and extension of Ainsworth Avenue. The damages and benefits assessed to appellant are damages for taking the north 20 feet of lot 9, block 30, Piedmont Addition, $320; damages for taking the south 58.43 feet of lot 1, block 31, $925; benefits to balance of lot 1, block 31, $10; benefits to the south 20 feet of lot 2, block 31, $75. The defendant appealed from said ordinance and assessment to the circuit court, where the case was tried before a jury, whose verdict was in accordance with the assessment by the viewers. From judgment thereon the defendant appeals to this court. AFFIRMED.

For appellant there was a brief over the names of *Mr. Ralph R. Duniway, Mr. Conrad P. Olson* and *Mr. C. L. Whealdon,* with an oral argument by *Mr. Duniway.*

For respondent there was a brief over the names of *Mr. Frank S. Grant,* City Attorney, *Mr. H. N. Tomlison* and *Mr. John F. Cahalin,* with an oral argument by *Mr. Grant.*

MR. JUSTICE EAKIN delivered the opinion of the court.

Many exceptions were taken upon the admissibility of evidence and to the instructions of the court, and are covered by defendant's brief under four propositions.

1. First. The court erred in permitting certain witnesses to state their opinions to the jury as to the amount of the benefits and damages resulting to the defendant. The objection to the questions involved did not relate to

the damages to the property, but to the benefits accruing to lot 2, block 31, which did not abut upon the proposed street. The witnesses Simmons and Sinnott are admitted to be expert witnesses, who gave their opinions as to the increased market value of lot 2, block 31, by reason of the opening of the street. The fact that they are expert witnesses brings the admission of the evidence within the decision in *Blagen* v. *Thompson*, 23 Or. 239 (31 Pac. 647: 18 L. R. A. 315), where Mr. Justice BEAN says, at page 255 of 23 Or. (31 Pac. 653: 18 L. R. A. 315):

"It is undoubtedly true as a general rule that a witness is only permitted to testify to facts within his own knowledge, and not to inferences and opinions, but to this rule there are certain exceptions; and one of these exceptions is that when the value of real estate, which is always largely a matter of opinion, is in controversy, persons who are acquainted with the property in question, and know the value of real estate in the same neighborhood, are competent to give their opinions as to its value. * * In many of the states, in such a case a witness is not allowed to state his opinion as to the amount of damages, but only as to the value of the land before and after the contemplated improvement or burden, leaving the subtraction to be made by the jury."

And he cites with approval the language of Rogers, Expert Testimony, 369, to the effect that the weight of authority as well as reason is in favor of allowing the witness to express his opinion as to the amount of the damages as it is but a mere mathematical calculation. This rule is also recognized in *Burton* v. *Severance*, 22 Or. 94 (29 Pac. 201), where it is said:

"On questions of value, a witness must often be permitted to testify to an opinion as to value, but the witness must be shown to be competent to speak upon the subject. He must have dealt in or have some knowledge of the article concerning which he speaks."

In *United States* v. *McCann*, 40 Or. 19 (66 Pac. 274), the same justice states the general rule as contended for by the defendant here; but excepts cases where expert opinion or testimony is competent. The rule announced in *Blagen* v. *Thompson*, 23 Or. 239 (31 Pac. 647: 18 L. R. A. 315), is cited with approval by Mr. Justice McBride in *Elliott* v. *Wallowa County*, 57 Or. 243 (109 Pac. 130).

2. The second alleged error is the instruction given to the jury to the effect that the damage should be determined as of date April 30, 1910, the date the council adopted the report of the viewers, instead of the time of the trial in the circuit court, and many authorities are cited in support of defendant's contention; but the proceedings before the viewers and the council was the original trial, and is the proper date at which to determine the value. As this was an appeal to the circuit court, and not the original trial, it must be tried upon the conditions as they existed before the viewers. This is the evident contemplation of section 353 of the charter. Although the property is not deemed taken until warrants are drawn in payment of damages for the property condemned, that does not mean that to make the assessment binding the payment must be made immediately upon the making of the assessment, or that a new assessment must be made at the time of payment. Such a proceeding would be impractical. If no appeal is taken, the assessment by the viewers is the final one to be paid, when the assessment of benefits are collected, and although the appeal may delay the time of payment, at least as to appellant, he cannot by that act make a new date at which the damages are to be ascertained. This is the result of the following authorities: *Ellsworth et al.* v. *Chicago & I. W. Ry. Co.*, 91 Iowa, 386 (59 N. W. 78); *Irrigation Co.* v. *McLain*, 69 Kan. 334 (76 Pac. 853); *Matter of Brooklyn Union El. R. R. Co.*, 105 App. Div. 111 (93 N. Y. Supp. 924); *Montclair*

*R. R. Co.* v. *Benson et al.,* 36 N. J. Law, 557; *Shannahan* v. *City of Waterbury,* 63 Conn. 420 (28 Atl. 611).

3. The third contention is that the expert witness Smith was not shown to be qualified to testify. The testimony discloses that he is a real estate dealer, having charge of the sale of a tract of platted land adjacent to the property sought to be condemned; that his idea of values was largely from sales in West Piedmont, which was the property he was handling, but that he had an idea of the value in nearly every section of the country, that he had a fair idea of the market value of property in the location of this property, and that it was not error to permit him to testify.

4. As to the fourth contention, it was not error for the court to exclude testimony as to the price paid by the defendant for the property two and one-half years before, as the time was too remote, and not a proper criterion of present values. *Oregon R. & N. Co.* v. *East-lack et al.,* 54 Or. 205 (102 Pac. 1014: 20 Ann. Cas. 695).

We find no error in the trial, and the judgment is affirmed.        AFFIRMED.

---

Decided March 25, 1913.

## ON PETITION FOR REHEARING.

(130 Pac. 982.)

MR. JUSTICE EAKIN delivered the opinion of the court.

By motion for rehearing it is strongly urged that this decision conflicts with and is contrary to the holding in the case of *Pacific Railway & Navigation Co.* v. *Elmore Packing Co.,* 60 Or. 534 (120 Pac. 389). There is no question but the holding in that case states the law correctly, and the reason it was not referred to in the opinion in this case was because the facts in the two cases are not similar. The question asked and answered in that case, which was held error, was:

"State what, in your opinion, is the damage that defendant will sustain by the appropriation of the right of way involved in this case and shown by your map, * * his buildings and land."

The witness answered:

"Two hundred and fifty dollars, I would judge from the settlement we have made with adjoining property, would be ample for the land, and $150 for the buildings; $400, total"

—which was clearly error.

In the bill of exceptions in this case it is said that the witness Simmons was called as an expert witness, and duly qualified as such for the purpose of showing the increased market value of the property of defendant resulting from the opening of the street, and he was asked:

"What would you consider the benefit at that time to the south 20 feet of lot 2, block 31, by opening and extending Ainsworth Avenue?"

In the motion for rehearing counsel admits that the witness might be allowed to give his opinion to the jury as to the increased market value of the lot, and that such would be proper expert testimony. The question actually asked was:

"What would you consider the benefit to the lot by opening the street?"

The objection did not seek to confine the question to the increase of the market value, and was to the effect that the question was usurping the province of the jury. When the question was repeated, counsel further objected that it called for benefits without reference to damages, thus showing that the objection was very indefinite. The question, in substance, was, How much will the value of the lot be increased by the opening of the street? not, as in *Pacific Railway & Navigation Co.* v. *Elmore Packing Co.*, 60 Or. 534 (120 Pac. 389, "What, in your opinion,

is the damage that defendant will sustain," etc.? which covers the whole issue. We think the opinion in this case comes clearly within the rule as announced by this court in the cases cited therein, and in no way conflicts with or tends to weaken the rule in the case above cited. In that case the question asked the witness was equivalent to asking what verdict the jury should render. Not so in this case, but rather what benefit the street would be to the lot—how much greater would be its value. In referring to this subject Mr. Justice MCBRIDE in *Elliott v. Wallowa County,* 57 Or. 243 (109 Pac. 133: Ann. Cas. 1913A, 117), says:

"It has been held in this State that a witness will not be allowed to state upon a question of general damages the amount of such damage [referring to the very point covered by the opinion in the case of *Pacific Railway & Navigation Co.* v. *Elmore Packing Co.,* 60 Or. 534 (120 Pac. 389)]. * * But this court seems to have held, in cases of like character, that witnesses, otherwise competent, may testify directly as to the amount of damages. * * But where this is permitted the witnesses, while not technically experts, must show knowledge of the facts beyond that which the jury would be able to derive from testimony as to physical facts."

The witness must show some special and actual knowledge as to value.

The motion for rehearing is denied.

AFFIRMED: REHEARING DENIED.