Argued February 4, decided February 11, rehearing denied March 25, 1913.

## PORTLAND *v.* INVESTMENT COMPANY.

(129 Pac. 756.)

**Evidence—Value—Admissibility.**

In a proceeding to assess the damages to property condemned for a street, testimony as to the selling price of lots,

three blocks from the property in question, and a part of a tract platted into lots adjoining those in question, was admissible on the question of value.

From Multnomah: WILLIAM N. GATENS, Judge.

This is an action by the City of Portland against the Investment Company, a private corporation, for an assessment of damages for property condemned for a street. The defendant appeals.    AFFIRMED.

For appellant there was a brief over the names of *Mr. Ralph R. Duniway, Mr. Conrad P. Olson* and *Mr. C. L. Whealdon,* with an oral argument by *Mr. Duniway.*

For respondent there was a brief over the names of *Mr. Frank S. Grant, Mr. H. N. Tomlison* and *Mr. John F. Cahalin,* with an oral argument by *Mr. Grant.*

MR. JUSTICE EAKIN delivered the opinion of the court.

With the exception that this case relates to a different street in the same locality, the issues therein are identical with those in the case of *Portland* v. *Tigard,* 64 Or. 404 (129 Pac. 755), the opinion in which was filed this day. Reference is made to the said opinion for the statement of facts and the points decided. On the appeal in this case one additional error in the admission of testimony of J. L. Pettinger, who was called as an expert witness, is relied on. After qualifying and testifying to the value of the lots in question, as further evidence of the values, he was asked as to sales of lots in that immediate locality about that time, to which he answered that he had sold for $600 each lots 5 and 6, block 9, in West Piedmont, three blocks from the property in question. The ground of this exception is that the lots sold were not in the same locality, but they are only three blocks distant therefrom, and are a part of a tract, platted into city lots, that adjoins the lots in question. We think this indicates that they are in the same locality, and it was not error to over-

rule the objection as to the competency of such evidence. See *Oregon R. & N. Co.* v. *Eastlack,* 54 Or. 205 (102 Pac. 1014: 20 Ann. Cas. 695), where the question is discussed.

The judgment is affirmed.                    AFFIRMED.