Argued February 16, reversed March 14, 1916.

## PORTLAND & O. C. RY. CO. *v.* LADD ESTATE CO.

(155 Pac. 1192.)

**Evidence—Hearsay—Assessment of Damages—Admissibility—Negotiations With Owner.**

1.   Evidence of negotiations with property owners along a proposed right of way and of the prices at which they offer to sell the land is inadmissible to prove value, and can be justified only when admitted upon cross-examination to test the knowledge of the witness.

**Eminent Domain—Assessment of Damages—Admissibility of Evidence —Applicability to Issues.**

2.   Such evidence cannot be admitted to show how the petitioner for condemnation arrived at its estimate and tender, where the answer admitted that the parties were unable to agree and that the tender had been made as alleged.

**Eminent Domain—Assessment of Damages—Admissibility of Evidence —Applicability to Issues.**

3.   Testimony for plaintiff in regard to efforts to obtain another and different right of way across the same lands, and as to defendant's reasons for refusing to grant such right of way, is inadmissible, where the disagreement of the parties and the making of the tender are admitted.

**Eminent Domain—Assessment of Damages—Benefits—Increased Value.**

4.   In proceedings to condemn a railroad right of way across a tract of land lying between two platted additions to a city, all three tracts

being owned by the same corporation, the increased value of the platted tracts resulting from better transportation facilities is not a benefit which can be offset against the damages to the residue of the tract over which the right of way is taken, since it is a benefit to the community in general, even though it may benefit the owner of those tracts to a greater degree than owners.

[As to consideration of benefits accruing to owner by taking of land for railway, see note in 19 Am. St. Rep. 460.]

From Multnomah: HENRY E. McGINN, Judge.

Department 1. Statement by MR. JUSTICE BENSON.

This is a suit by the Portland & Oregon City Railway Company, a corporation, against the Ladd Estate Company, a corporation, to condemn a strip of land about 25 feet in width and 6,080 feet long through an unplatted, undeveloped tract of land in the City of Portland containing about 269 acres. This body of land lies between the additions known as Eastmoreland and Westmoreland, of which the unsold portions belong to the defendant. The complaint is in the usual form, and the answer thereto admits the failure of the parties to agree as to the compensation, and also admits the tender of $3,090 by plaintiff in full payment thereof. These admissions are followed by allegations of the value of the land proposed to be taken and the damage, which will result from such taking, to the remainder of the tract. A reply was filed which, among others, contained the following paragraph:

"For an answer unto paragraph V of the defendant's further and separate answer and defense, the plaintiff denies the same and the whole thereof and alleges that on the contrary, that the building of the plaintiff's railway will be a benefit to the defendant's property instead of a damage, by providing increased and bettered transportation facilities and service, and that the benefits accruing to the said defendant Ladd Estate Company holdings from said construction, by plaintiff, will be more than thirty thousand ($30,000.00) dollars in excess of any possible damages therefrom."

Paragraph VII of the reply contains a reiteration of the allegations of paragraph V. Defendant moved to strike out these portions of the reply, which motion was denied. Thereafter a trial was had resulting in a verdict awarding the defendant $4,150 for the land taken, and declaring that the damages to the residue of the tract do not exceed the benefits specially derived therefrom. From a judgment in accord with such verdict, defendant appeals.   ·   REVERSED.

For appellant there was a brief over the name of *Messrs. Wood, Montague & Hunt,* with an oral argument by *Mr. Erskine Wood.*

For respondent there was a brief over the name of *Messrs. Hall & Lepper,* with an oral argument by *Mr. L. M. Lepper.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. We shall first consider defendant's assignment of error to the effect that the court erred in permitting the president and chief engineer of plaintiff to testify as to negotiations had with property owners along the line of the proposed railroad for purchases from them of right of way and yardage and as to prices at which such owners offered to sell lands. It has been held by this court that such testimony is not admissible to prove value, and can be justified only when admitted upon cross-examination to test the knowledge of the witness: *Oregon R. & N. Co.* v. *Eastlack,* 54 Or. 196 (102 Pac. 1011, 20 Ann. Cas. 692) ; *Pacific Ry. & Nav. Co.* v. *Elmore Packing Co.,* 60 Or. 534 (120 Pac. 389, Ann. Cas. 1914A, 371).

2. But plaintiff contends that the testimony objected to was offered solely for the purpose of showing how

it arrived at its estimate and tender, and that the court in its instructions limited it to that use. The reply to this contention is that the answer of defendant specifically admits that the parties were unable to agree, and admits the tender as alleged in the complaint, and therefore there was no issue to which such evidence was relevant, even if it were admissible for that purpose, which we doubt.

3. We come then to the question as to whether the court erred in permitting the plaintiff's witness to testify in regard to efforts made to obtain another and different right of way across the same lands and as to defendant's reasons for refusing to grant such right of way. As we have already suggested, there was no issue in the pleadings to which such evidence could be relevant, and it was therefore improperly admitted.

4. The remaining assignments of error involve a consideration of the kind of benefits which a jury may consider in arriving at a reduction of the damage resulting to the residue of the tract by the appropriation of the right of way. A careful examination of the testimony in the case discloses the fact that no evidence of benefits was offered other than those arising from increased transportation facilities. In different jurisdictions there has been a variety of views expressed upon this point, but the matter has been settled by this court to the effect that the only benefits that may be set off against damages are those which are special and peculiar to the tract of land in controversy: *Beekman* v. *Jackson County,* 18 Or. 283 (22 Pac. 1074); *Coos Bay R. R. Co.* v. *Nosler,* 30 Or. 547 (48 Pac. 361). In the latter case Mr. Justice WOLVERTON, speaking for the court, says:

"Whatever of peculiar or especial benefit might accrue or result to the lands of the party claiming damages may be offset, but remote or speculative benefits

in anticipation of a rise in property for town-site purposes, or, generally, by reason of the proposed opening of a highway, construction of a railroad, or other improvements, cannot be considered.    Such benefits are the common privilege of all the individuals of the community, and one cannot be permitted to profit by it more than another.''

Counsel for plaintiff argues that since defendant is the owner of Eastmoreland and Westmoreland additions and the tract of land traversed is more than a mile in length, there is no community to be helped, and that therefore the benefits of increased transportation facilities are peculiar to its land.    As to this contention it would be sufficient to remark that the evidence discloses that large portions of both additions have been sold.    In addition to this fact, however, we may say that any benefit accruing to defendant thereby which is greater than that of its more remote neighbors is merely a question of degree rather than class.    In the case of *Washburn et al.* v. *Milwaukee & L. W. R. Co.,* 59 Wis. 364 (18 N. W. 328), the court says:

''The location of a depot at a given point is a general public benefit, although, as in the case of any general benefit created by public improvements, one citizen may be more directly and largely benefited than another. * * That statute provides only for the allowance of special benefits in such cases, and such is not the character of the benefit under consideration.    It would seem that a benefit which may thus be allowed is one which enhances the value of the land affected by it, by improving its physical condition and adaptability for use; such as by reclaiming waste land, by draining or flowing a marsh, by aiding in the development of a water power, by dispensing with the necessity of maintaining fences, or by opening a mine or quarry, and the like.    We are unable to conceive of any other kind of benefits which are not general benefits as well, and hence outside the statute.''

This quotation quite clearly expresses our views and we conclude that the judgment should be reversed and the cause remanded for a new trial. It is so ordered.

REVERSED AND REMANDED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE MCBRIDE concur.