## S. M. SMITH, T. A. DAVIS AND P. C. SCHUYLER, RESPONDENTS, v. THE ELLENDALE MILL COMPANY, APPELLANT.

JUDGMENT FOR WANT OF ANSWER.—Under the Code a judgment for want of an answer cannot be appealed from.

WHEN JUDGMENT FOR WANT OF AN ANSWER CAN BE TAKEN.—A judgment for want of an answer can only be taken when it appears that defendant has been *duly served with summons* and has failed to answer the complaint within the time allowed by law.

WHAT CONSTITUTES DUE SERVICE.—To be duly served with a summons implies that the defendant has been duly served with a summons, *notifying him to appear and answer in the Court where the judgment is sought to be taken.*

APPEAL from Marion County.

The facts are stated in the opinion of the Court.

*Williams & Willis*, for Appellant.

*Mitchell & Dolph*, for Respondents.

By the Court, PRIM, C. J.:

This was an action at law to recover money on account for drugs, dyes, etc., sold by respondents to appellant, on request. Judgment was rendered against defendant in the Circuit Court of Marion County for the amount claimed in the complaint, there being no answer filed thereto by appellant.

The summons served on appellant is entitled, "In the Circuit Court of the State of Oregon, for the County of Multnomah," and required appellant to appear and answer

in the Court above mentioned, instead of that for the county of Marion, where the judgment was rendered. This summons was served on R. P. Boise, the President of the Ellendale Mill Company, in the county of Marion, by the Sheriff of said county. Appellant appeals from this judgment, and alleges as error that the Court had no jurisdiction of the defendant, for the reason that there was no summons served on it to appear in said Court, the summons being to appear in the Circuit Court of Multnomah County.

The respondents admit the judgment to be erroneous in this respect, but claim this Court has no jurisdiction to entertain this appeal, for the reason that the judgment was rendered in the Court below for want of answer, from which, it is claimed under the Code, no *appeal lies.* The Code provides that "any party to a judgment or decree other than a judgment or decree given by confession or for want of answer may appeal therefrom." (Civ. Code, § 526.) It further provides (Civ. Code, § 246), that a judgment for want of answer can only be rendered when "it *appears* that the defendant has been *duly served with the summons,* and has failed to answer the complaint" within the time allowed by law.

Under the Code any judgment other than one given by confession or for want of answer may be appealed from. It is not claimed that this judgment was given by confession. The only question then to be determined here is, whether it is such judgment as could be taken under the Code for want of answer. If so, no appeal lies and the motion of respondents to dismiss should prevail. The language of the Code is when "it appears that the defendant has been duly served with the summons," etc. This language, we hold, implies not only that it should appear that defendant has been duly served with a summons, but that the summons served should notify him to appear and answer in the Court where judgment is sought to be rendered against him. To hold otherwise would not only defeat the object of the statute, but open a wide door to fraud. The object of requiring a summons to be served on the defendant is not only to notify him that he is sued, but to

inform him of the nature of the action and in what Court he is required to appear and answer. And when it appears that such a summons has been duly served on him and he fails to answer within the time allowed by law, a judgment for want thereof may be rendered against him; and from such judgment the Code provides no appeal can be taken.

The motion of respondents to, dismiss this appeal is over-ruled and the judgment of the Court below reversed.