## J. C. TRULLENGER, APPELLANT, *v.* THOMAS G. TODD, RESPONDENT.

SUMMONS.—When it appears that a defendant has been duly served with a summons, and fails to answer the complaint within the time allowed by law, a judgment by default, for want of an answer, may be taken against him. From such judgment no appeal will lie; but an appeal will lie from a judgment, although taken by default, when it appears that the defendant had not been *duly served* with summons. Being duly served with summons, implies that the defendant has been served in the manner directed by law. The service of a summons to appear in the Circuit Court of Multnomah County would not be *due service* of a summons to appear in the Circuit Court of Marion County.

IDEM—WHAT CERTIFICATE OF SERVICE MUST SHOW. — When an officer undertakes to serve a summons, he should use ordinary diligence at least to find the defendant in order that he may serve him *personally;* and, after using such diligence, if he should not be found, constructive service may be made. When thus made, the certificate should show that the defendant was not found, in order to render that mode of service complete.

VOID JUDGMENT.—A judgment, although void, may be appealed from.

APPEAL from Washington County.

The facts are stated in the opinion of the Court.

*Shattuck & Killin,* for Appellant.

*Durham & Thompson,* for Respondent.

By the Court, PRIM, J.:

This was an action at law to recover damages for breach of contract. The judgment was entered by default, for want of an answer, by the clerk, in vacation, under an act passed by the Legislature in the year 1868, which provides that, "when the time for answering has expired, and it appears that the defendant has been duly served with summons, * * * the clerk shall enter the default of the defendant, and immediately thereafter enter judgment," etc. From the certificate of the sheriff it appears that the summons had been served as follows: "I served the within summons, within said State and county, on the within named J. C. Trullenger, by delivering a copy thereof * * * to a white person of the family above the age of fourteen years, at the dwelling-house of the defendant." This certificate was signed by the sheriff in the usual manner of signing such papers. An appeal having been taken from this judgment, a motion has been interposed in this Court to dismiss the appeal, upon the ground that the judgment, having been entered by default for want of an answer, no appeal will lie from such judgment.

This motion, and the questions presented on the merits by the appeal, having been argued and submitted together, will be considered in the same manner by the Court. The question raised by this motion, however, needs but little consideration at this time, as it has already been considered and passed upon by this Court at a former term, upon a similar motion made in the case of *Smith* v. *The Ellendale Mill Company* (4 Oregon, 70). In that case a judgment had been taken in the Circuit Court of Marion by default, in which it appeared that the summons had been served upon the corporation to appear and answer a complaint in the Circuit Court of Multnomah County.

An appeal having been taken from the judgment, a motion to dismiss was interposed upon the same ground contained in the motion here.   The motion having been overruled, the appeal was entertained and the judgment reversed. The court held that "a judgment, for want of an answer, can only be taken when it appears that the defendant has been duly served with summons, and has failed to answer the complaint within the time allowed by law." That from a judgment when so taken no appeal would lie, but that an appeal would lie from a judgment entered against a defendant, when the record fails to disclose that such defendant has been duly served with summons; that being duly served with summons implies that the defendant has been served with a summons in the manner directed by law, in every particular, requiring him to appear in the court of the county where the judgment is taken.   That the service of a summons upon the defendant to appear in the Circuit Court of Multnomah County was not due service of a summons to appear in the Circuit Court of Marion County; that in fact it was no service at all, and that the judgment was void for the want of jurisdiction in the court over the person of the defendant.   And so in the case here. Respondent was not entitled to have a judgment entered against appellant by default, for want of answer, because it does not appear from the record that he had been duly served with summons.   The certificate of service appearing in the record was insufficient to warrant the clerk in entering judgment against appellant by default, for want of an answer, because it fails to show why the summons was not served upon him personally, by disclosing the fact that he could not be found.

The statute provides that the summons shall be served "by delivering a copy thereof  *  *  *  to the defendant *personally*, or if he *be not found*, to some white person of the family, above the age of fourteen years, at the dwelling-house or place of abode of the defendant."

It appears from this certificate that the summons was not served upon appellant personally, but by being delivered to some one of the family, at his dwelling, without showing

whether he could be found or not. If he could be found he was entitled to have a copy of the summons delivered to him personally.

The statute, in providing how service shall be made, evidently implies that when a summons is placed in the hands of an officer for service that he will use ordinary diligence, at least, to find the party against whom the summons is issued, in order that he may make personal service upon him; but after using ordinary diligence, if he should fail to find such party, constructive service may be made; and when such service is made, the certificate should contain the fact that the party *could not be found.*

The certificate in this case failing to do so, the service appearing of record was insufficient to authorize the clerk in entering judgment by default against appellant. But it is further claimed that if the service was insufficient to give the court in which the judgment was rendered jurisdiction of the person of appellant, the judgment was an absolute nullity, on account of the want of such jurisdiction, and therefore no appeal would lie from such judgment.

While it appears to be generally conceded that a void judgment may be disregarded and treated as a nullity, whenever any right is claimed under such judgment, whether it has been appealed from and set aside by a competent court or not, it appears also to be the constant practice for courts of review to entertain appeals from such judgments for the purpose of reversing and purging the records of such judgments. It was so held in the case of *The People* v. *Ferris* (33 New York, 220). In that case the court says: "It has been the constant practice of courts of review to reverse judgments and orders granted without jurisdiction. This is often the only way in which the records of the courts can be purged of errors and dangerous precedents." (7 Cal. 280; 16 Cal. 65, to the same effect.)

We deem it unnecessary, however, to cite further authority, as this Court has already passed upon the question in the case of *Smith* v. *The Ellendale Mill Company* (4 Or. 70).

It is further claimed and insisted by appellant that the act of 1868, or so much thereof as authorizes the clerk to

enter judgments by default, in vacation, is unconstitutional and void; but as it has already appeared to the Court that there is sufficient error appearing of record in relation to the defect in the certificate of service to warrant a reversal of the judgment rendered by the clerk, we will not at this time undertake to pass upon the constitutionality of the law authorizing judgments to be rendered by clerks in vacation.

It is therefore ordered that this cause be and is hereby reversed and remanded to the court below for further proceedings.

Judgment reversed.