Argued and submitted on appellant's brief September 10, 1913.

No appearance for respondent.

Decided September 23, 1913.

Modified on rehearing October 14, 1913.

# HOOPER *v.* HOOPER.*

(135 Pac. 525: 135 Pac. 525.)

</div>

**Marriage—Annulment—Process—"Summons"—"Complaint."**

1. Under Section 1020, L. O. L., providing that, in any suit for the dissolution of a marriage contract, or to have the same declared void, the state is to be deemed a party defendant, and the plaintiff shall cause the summons to be served upon the district attorney, the court is without jurisdiction of a proceeding for the annulment of marriage, where the plaintiff, instead of serving a summons upon the district attorney, delivered a copy of the complaint, for the "complaint" is merely the means of conveying to the defendant the nature of the grievance laid against him, while the "summons" is notice of the limitation of the time in which the charge is to be met by appropriate legal action.

**Marriage—Annulment—Parties.**

2. Under Section 1020, L. O. L., providing that, in a suit to have a marriage declared void, the state is to be deemed a party defendant, and the plaintiff shall serve summons upon the district attorney, the

----

*The question of the effect of the right to appeal from divorce decree on party's right to remarry is treated in a note in 17 L. R. A. 573; and upon the effect of statutes forbidding remarriage of guilty party after divorce, generally, see notes in 24 L. R. A. 831 and 57 L. R. A. 169.          REPORTER.

state is a necessary party defendant, in the sense that it must be notified by service of summons, so that the district attorney may prevent fraud or collusion.

## ON REHEARING.

**Divorce — Effect — Right to Remarry—Marriage Within Prohibited Time.**

3. Under Section 515, L. O. L., forbidding remarriage by the divorced person within the time allowed for an appeal, and Section 550, allowing an appeal to be taken within six months, a marriage contracted by a divorced woman less than six months after the decree was rendered is absolutely void, and will be annulled at the suit of the other party.

**Divorce—Effect—Right to Remarry—Marriage Within Prohibited Time.**

4. · The fact that the former husband, who was served by publication, defaulted in the divorce proceedings is immaterial, in a suit by the second husband to annul his marriage as void because contracted within six months of the decree of divorce in violation of Section 515, L. O. L., under Section 59, L. O. L., allowing the defendant against whom summons has been published to defend the action at any time within one year for good cause shown, and Section 1020, requiring the district attorney to appear on behalf of the state in divorce cases.

From Clackamas: JAMES U. CAMPBELL, Judge.

Department 2. This is a suit by B. M. Hooper against Mary Hooper for a divorce. The facts are fully set forth in the opinion.          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Clyde Richardson.*

No appearance for respondent.

MR. JUSTICE McNARY delivered the opinion of the court.

This is a suit to declare a marriage contract void agreeably to the provision of Section 502, L. O. L.: "All marriages which are prohibited by law, on account of consanguinity between the parties, or on account of either of them having a former husband or wife then living, or on account of either of them

being one fourth or more of negro blood, shall, if solemnized within this state, be absolutely void.''

On the 2d day of October, 1911, at the city of Vancouver, Washington, the parties litigant were married. Six days later plaintiff brought this suit to annul the marriage, complaining that a period of six months had not intervened between the nuptials and a prior divorce had by defendant.

1. Due service was made upon defendant, though a copy of the complaint alone was served upon the district attorney. Default for want of an answer was made by defendant and the representative of the state. The trial court decided adversely to the petition of plaintiff.

Section 1020, L. O. L., prescribes the duty of a district attorney in matters of divorce: ''In any suit for the dissolution of the marriage contract, or to have the same declared void, the state is to be deemed a party defendant, and the party plaintiff in such suit shall cause the summons to be served upon the district attorney of the district within which the suit is commenced at least ten days before the term at which the defendant is required to appear and answer. It shall be the duty of such district attorney, so far as may be necessary to prevent fraud or collusion in such suit, to control the proceedings on the part of the defense, and in case the defendant does not appear therein, or defend the same in good faith, to make a defense therein on behalf of the state.''

It will be observed the statute expressly declares that the plaintiff shall cause a ''summons'' to be served upon the district attorney, whereas, the record reveals the complaint only was served upon that official. This omission of a plain statutory requirement is fatal. The office of a summons and a complaint are too variant to admit of the one doing the service of the other. The

complaint is but a vehicle, construed by law to convey to the defendant, *in extenso,* the nature of the grievance laid against him, while the summons performs the function of imparting notice of the limitation of the time in which the charge is to be met by appropriate legal action.

2. Obviously, by force of Section 1020, L. O. L., the state is made a necessary party defendant, in suits for the dissolution of the marriage contract, or to have the same declared void. Not, however, in the sense the state must be named a party litigant, but in the larger sense that the state must be notified by service of summons upon the state's representative of the commencement of the litigation, for the statute says: "It shall be the duty of the district attorney, so far as may be necessary, to prevent fraud or collusion in such suit, to control the proceedings on the part of the defense, and in case the defendant does not appear therein, or defend against the same in good faith, to make a defense therein on behalf of the state."

On account of the importance of litigation involving the marital contract, and the evils that would issue from a loose observance of the law, statutes regulating service of process should be strictly construed, and a failure to comply therewith must necessarily defeat the jurisdiction of the court.

For the reasons herein assigned, the decree of the lower court is affirmed.          AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BEAN and MR. JUSTICE EAKIN concur.

Former Opinion Modified and Decree of the Court Below Reversed,
decided October 14, 1913.

## ON REHEARING.

(135 Pac. 525.)

MR. JUSTICE MCNARY delivered the opinion of the court.

This case was submitted upon plaintiff's brief on September 10, 1913. On the 23d day of that month this court in an opinion affirmed the action of the lower court in dismissing the proceeding for the reason the record on appeal failed to show service of summons upon the district attorney, as required by Section 1020, L. O. L. Subsequently an application for a rehearing was made, wherein the record has been amplified by showing the service of summons was in fact made upon the district attorney as dictated by law.

Assuming the verity of the amended record, which comes here certified, we shall pass to a consideration of the case upon the merits. Defendant whose antecedent name was Mary E. Williams, obtained from the Circuit Court of Washington County, Oregon, on June 18, 1912, a decree dissolving the bonds of matrimony then existing between herself and husband, Robert Lee Williams. Service of process was made upon defendant by means of a publication of the summons as provided by law. Defendant failing to appear in response thereto, an order of default was entered. On the 2d day of October, 1912, plaintiff and defendant in this controversy were united in marriage at the city of Vancouver, Washington. After a few days' repose, plaintiff instituted this suit to annul the marriage contract, on the ground that a period of six months had not elapsed between his marriage to defendant and the decree dissolving the defendant's marriage to a former husband.

3. Section 502, L. O. L., reads: ''All marriages which are prohibited by law, on account of consanguinity between the parties, or on account of either of them having a former husband or wife then living, or on account of either of them being one fourth or more of negro blood, shall, if solemnized within this state, be absolutely void.''

Section 515, L. O. L., provides: ''A decree declaring a marriage void or dissolved at the suit or claim of either party shall have the effect to terminate such marriage as to both parties, except that neither party shall be capable of contracting marriage with a third person, and if he or she does so contract, shall be liable therefor as if such decree had not been given, until the suit has been heard and determined on appeal, or if no appeal be taken, the expiration of the period allowed by this code to take such appeal.''

By virtue of the last section, a decree of divorce declaring the marriage relation dissolved does not absolutely terminate the marriage relation, or wholly absolve the parties from its liability; this freedom occurring only upon the expiration of the time allowed to take such appeal, or if an appeal be taken upon the final determination of the case. In proceedings of this character, the code authorizes an appeal may be taken within six months from the rendition of the decree: Section 550, L. O. L.

4. True it is that in the suit maintained by defendant against her husband the latter was in default of an answer. However, that fact does not effect the prohibition imposed by Section 515, for the reason that service was made upon defendant by publication, which under the statute does not finally conclude the rights of a defendant so served.

Section 59, L. O. L., among other things, provides that: ''The defendant against whom publication is or-

dered, or his personal representative, * * may * * upon good cause shown, and upon such terms as may be proper, be allowed to defend after judgment, and within one year after the entry of such judgment on such terms as may be just. * *

This court in the case of *Waymire* v. *Shipley*, 52 Or. 464 (97 Pac. 807), decided that the term "judgment" as there used included decrees. Apparently, then, if sufficient showing had been made by defendant's former husband, the court would have been justified and even obligated to have entered an order setting aside and vacating the decree and permitted defendant to answer. Moreover, the statute, in obedience to moral prudence, prescribes that the state shall be a party defendant, represented by the district attorney, who must be served with summons, and is required to appear and answer and make a defense on behalf of the state: Section 1020, L. O. L. Therefore, mere acquiescence or silence upon the part of the former husband of defendant would not control or limit the right of the state, through its chosen representative, to prosecute an appeal to this court should it have appeared to the representative of the state proper for the protection of the state or to prevent fraud or collusion.

This reasoning became the judicial law of this state in the case of *McLennan* v. *McLellan,* 31 Or. 480 (50 Pac. 802, 65 Am. St. Rep. 835, 38 L. R. A. 863), wherein Justice BEAN well said: "The obvious purpose and object of the statute is to enable either party aggrieved by a decree of divorce to have the same reviewed in an appellate court, and to that end it is provided that, pending such right, neither party shall be capable of doing an act which would render a reversal nugatory. A construction of the statute which would permit a marriage within the time limited would be not only

67 Or.—13

contrary to its plain wording and evident intent, but would produce, in case of a reversal of the decree, the anomalous result of one person having two legal husbands or wives, as the case may be, at the same time, and polygamy be thus sanctioned by law. It was to prevent the confusion and uncertainty resulting from such a condition of affairs that the statute was enacted, and it must be given force and effect.''

Applying the doctrine to the undisputed facts in this case, we are constrained to say that the marriage of plaintiff and defendant, having been contracted and consummated before the expiration of the time allowed by law in which an appeal could have been had from a decree of divorce from defendant's former husband, is absolutely void, and the decree of the court below must be reversed, and it is so ordered, and the former opinion of this court is modified so far as it ordered an affirmance.

<div align="center">REVERSED: FORMER OPINION MODIFIED.</div>

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BEAN and MR. JUSTICE EAKIN concur.