Motion to dismiss appeal overruled June 8, 1915.
On the merits argued April 3, reversed April 18, 1916.

# SMYTHE v. SMYTHE.

[Appeal by State.]

(149 Pac. 516; 156 Pac. 785.)

**Appeal and Error—Dismissal—Necessity of Undertaking.**

1. It was not ground for the dismissal of an appeal by the district attorney in a suit for divorce that he filed no undertaking; Section 578, L. O. L., expressly excusing the state from filing an undertaking.

**Appeal and Error—Appeal by District Attorney—Motion to Dismiss.**

2. On appeal by the district attorney in a divorce suit, the record did not show that he had been served with summons prior to the trial of the suit, or that he had appeared in the suit as required by Section 1020, L. O. L., as amended in 1911 (Laws 1911, p. 126), and plaintiff moved to dismiss the appeal on the ground that the appellant had no authority to prosecute it. *Held* that, in view of the fact that the district attorney had not been served as required, and that the question was not here presented, a motion to dismiss would be overruled with leave to renew it on argument of the case.

**Divorce—Proceedings—Appearance by State.**

3. Where in a divorce action the district attorney neither demurred nor answered, he did not make the state a party to the action under Section 542, L. O. L., providing that to plead or demur shall constitute an appearance.

**Divorce—Appearance—Answer—Effect of Filing.**

4. Section 1020, L. O. L., as amended by Laws of 1911, page 126, declares that in any suit for dissolution of the marriage contract, the state is to be deemed a party defendant, and the plaintiff shall cause the summons to be served on the district attorney or his deputy, and it shall be the duty of such district attorney, so far as may be necessary to prevent fraud or collusion in such suit, to control the proceedings on the part of the defense, and in case the defendant does not defend in good faith, to make a defense on behalf of the state, and that the court shall not hear or determine any suit for divorce until service has been had or unless the district attorney or his duly appointed deputy waive the provisions of the section by appearing in person at the trial of the cause, or by written acknowledgment of service. No process in a divorce proceeding was served on the district attorney or his deputy, but the attorney appeared at the hearing before the referee. *Held* that, as the district attorney did not answer, demur or give notice of waiver of appearance, he was not a party to the action; his appearance before the referee not being an appearance before the court hearing the divorce suit.

**Divorce—Judgment—Right to Appeal.**

5. Where the state was not made a party to and did not appear in an action for divorce, as required by Section 1020, L. O. L., as amended

by Laws of 1911, page 126, the state may appeal from the judgment of divorce, which is void as to it, for, the decree cannot, as to it, be classed as one for want of an answer described in Section 549, declaring that any party to a decree or judgment other than a judgment or decree given by confession or for want of an answer may appeal.

**Pleading—Complaint—Conclusions.**

6.   A complaint, averring that the conduct of the defendant husband had amounted to continuous and willful desertion within the meaning of the statutes of the State of Oregon governing divorce proceedings, and which further averred that the spouses had lived separately for a space of a year, does not show a desertion for a period of one year, which, by Section 507, L. O. L., is made ground for a divorce; the averments relating to the desertion being conclusions of law.

**Divorce—Actions—Duty of District Attorney.**

7.   As the state is, by Section 1020, L. O. L., as amended by Laws of 1911, page 126, made a party to an action for divorce, the district-attorney should, where the defendant makes no defense, urge any defense, as the failure of the complaint to state a cause of action, that can be made.

From Marion: WILLIAM GALLOWAY, Judge.

This is a suit by May Macombe Smythe against Ignatius Martin Smythe for divorce. From a decree for the plaintiff, the district attorney, in the name of the state, appeals. The plaintiff and respondent now move to dismiss the appeal. Motion overruled with leave to renew at hearing on the merits.

MOTION OVERRULED.

*Mr. Ivan G. Martin* and *Mr. Carey F. Martin,* for the motion.

*Mr. Ernest R. Ringo,* District Attorney, *contra.*

In Banc.   MR. JUSTICE EAKIN delivered the opinion of the court.

1, 2. This is a motion to dismiss an appeal in a suit for a divorce, which was commenced by the filing of the complaint. The defendant, Ignatius Martin Smythe, was a nonresident of the state, and summons was issued to him and returned by the sheriff of Union

County, North Dakota, showing personal service in said county; the return being indorsed thereon. The case was tried before the county clerk of Marion County, Oregon, as referee, and findings were made in favor of the plaintiff, and a decree of divorce granted. Whereupon the district attorney of this county filed a notice of appeal from said decree. The plaintiff served a motion to dismiss said appeal, in which six grounds therefor are assigned; some being duplicates. First, he contends that the notice does not describe the court to which the appeal is attempted to be taken. This point is disposed of in *Smith* v. *Dwight,* decided by this court against plaintiff's contention, May 18, 1915, *ante,* p. 1 (148 Pac. 477). It is further alleged that the appellant has filed no undertaking on appeal, but this is disposed of by reference to Section 578, L. O. L., which excuses the state from filing an undertaking. The further objection is made that appellant has no authority in law or legal right to prosecute this appeal. The assignments of error in the abstract are: (1) That the evidence fails to support the findings of fact and conclusions of law; (2) that it fails to support the decree of the court; and (3) that the complaint fails to state a cause of action. It appears from the record before us that no objections or exceptions were taken at the trial to any fact at issue therein. No question was raised as to the sufficiency of the evidence, nor as to that of the complaint. Section 1020, L. O. L., as amended in 1911 (Laws 1911, p. 126), provides:

"In any suit for the dissolution of the marriage contract, or to have the same declared void, the state is to be deemed a party defendant, and the party plaintiff in such suit shall cause the summons to be served upon the district attorney of the district within which the suit is commenced, or his duly appointed deputy, at

least ten days before the term at which the defendant is required to appear and answer. It shall be the duty of such district attorney, so far as may be necessary to prevent fraud or collusion in such suit, to control the proceedings on the part of the defense, and in case the defendant does not appear therein, or defend against the same in good faith, to make a defense therein on behalf of the state. The court shall not hear or determine any suit for a divorce until service has been made upon the district attorney as hereinbefore provided, unless the district attorney or his duly appointed deputy waive the provisions of this section by appearing in person at the trial of said cause or by written acknowledgment of service waiving time for his appearance therein. All decrees of divorce heretofore granted in which the requirements of this section have not been complied with, are hereby validated and declared to be legal and binding upon the parties thereto, if otherwise regular."

This record shows upon its face that the district attorney was not served with summons prior to the trial thereof, and therefore the Circuit Court had no jurisdiction to hear and determine the same. It does not show that he appeared in the suit, but, if he did, he has made no objections or taken no exceptions to the rulings therein. In *Parrish* v. *Parrish,* 52 Or. 160 (96 Pac. 1066), the duties of the district attorney in such a case are referred to thus:

"But a divorce proceeding is *sui generis,* and necessarily triangular in its nature, consisting of the plaintiff, the defendant, and the state. * * Although not named in the pleadings in the first instance, the state, or the public, is interested in the result, making it the duty of the court to guard against collusion and fraud, and to deny the prayer for divorce, unless sufficient facts properly appear to justify it under the law."

In *Eggerth* v. *Eggerth,* 15 Or. 626 (16 Pac. 650), it is said:

"When the district attorney intervenes in behalf of the state in a suit for a divorce, and files a pleading therein, such pleading is to be governed by the same rules, so far as applicable, by which the defendant's pleading is governed."

In view of the fact that the district attorney was not served with the summons as required by the statute quoted, and that question was not presented here, the motion will be overruled, with leave to renew it on the argument of the case.          MOTION OVERRULED.

---

Reversed April 18, 1916.

ON THE MERITS.

(156 Pac. 785.)

In Banc.   Statement by MR. JUSTICE BURNETT.

After alleging the marriage of the parties, the continuous residence of the plaintiff in this state for more than one year next prior to the commencement of the suit, that there are no children the issue of the marriage, that no property is in any manner involved, and that at all times during their married life plaintiff treated the defendant as a dutiful wife should treat her husband, the complaint concludes with this allegation:

"That for more than one year last past the plaintiff and defendant have continuously lived separate and apart from each other, and during all of said time defendant has continuously neglected to properly support plaintiff, or provide her with a home suitable to one in her station of life, and the conduct of defendant for more than one year last past has amounted to continuous and willful desertion of the plaintiff within the meaning of the statutes of the State of Oregon governing divorce proceedings."

There was no appearance for the defendant husband. The cause was referred to a referee to hear the testimony and report the same to the court. On March 13, 1915, the court entered a decree in these words:

"Based upon the findings of fact and the conclusions of law filed in the above-entitled cause and court, it is ordered, adjudged and decreed by the court that the bonds of matrimony heretofore existing between the plaintiff, Macombe Smythe, and the defendant, Ignatius Martin Smythe, be, and the same are hereby, dissolved and held for naught."

The state appealed. In an opinion by Mr. Justice EAKIN (149 Pac. 516), a motion of the plaintiff to dismiss the appeal was overruled, with leave to renew the same at the argument.                    REVERSED.

For the State, appellant, there was a brief and an oral argument by *Mr. Ernest R. Ringo,* District Attorney.

For the plaintiff-respondent there was a brief over the names of *Mr. Carey F. Martin* and *Mr. Ivan G. Martin,* with an oral argument by *Mr. Carey F. Martin.*

No appearance for the defendant.

MR. JUSTICE BURNETT delivered the opinion of the court.

3, 4. Section 1020, L. O. L., as amended by Chapter 86, Laws of 1911, reads thus:

"In any suit for the dissolution of the marriage contract, or to have the same declared void, the state is to be deemed a party defendant, and the party plaintiff in such suit shall cause the summons to be served upon the district attorney of the district within which the suit is commenced, or his duly appointed deputy, at least ten days before the term at which the defendant is required to appear and answer. It shall be the

duty of such district attorney, so far as may be neces-
sary to prevent fraud or collusion in such suit, to con-
trol the proceedings on the part of the defense, and in
case the defendant does not appear therein, or defend
against the same in good faith, to make a defense
therein on behalf of the state. The court shall not
hear or determine any suit for a divorce until service
has been made upon the district attorney as herein-
before provided, unless the district attorney or his
duly appointed deputy waive the provisions of this
section by appearing in person at the trial of said
cause or by written acknowledgment of service waiving
time for his appearance therein. All decrees of di-
vorce heretofore granted in which the requirements of
this section have not been complied with, are hereby
validated and declared to be legal and binding upon
the parties thereto, if otherwise regular.''

It is admitted that the summons was not served on
the district attorney. Neither did he answer, demur
or give the plaintiff written notice of his appearance
as permitted by Section 542, L. O. L., defining ap-
pearance. The only thing before us on that feature is
this statement in the record:

"Now on this twenty-seventh day of February, 1915,
the above-entitled cause coming on regularly for hear-
ing, before U. G. Boyer, referee herein, the plaintiff
appearing in person, as well as by her attorney, Carey
F. Martin, and the defendant, although regularly and
personally served with summons and complaint, out-
side of the State of Oregon, more than six weeks prior
to this date, comes not, but makes default herein,
which default of said defendant is now at this time
entered of record against him, and the State of Oregon
appearing by the district attorney for Marion County,
Oregon, and after hearing the testimony of the plain-
tiff, and other evidence on her behalf and the sugges-
tions of counsel, and said referee's report to this court,
the court makes the following findings of fact.''

Then follows what is practically a repetition of the complaint as findings of fact and as a conclusion of law, a finding that the plaintiff is entitled to a decree of divorce, all of which was signed by the judge on March 13, 1915.

5. The statute provides for obtaining jurisdiction of the state as a defendant by the service of summons like any other party. The state through its proper officer may waive the service of summons and submit itself to the judicial authority as provided in Section 542, L. O. L., by demurring, answering or giving the notice there mentioned, or as stated in Section 1020. by the district attorney appearing in person at the trial of the cause. The record recites only that the district attorney appeared before the referee. That official is appointed not to try the case, but only to hear the testimony and report the same to the court. He decides nothing, determines nothing, and does nothing in the case, except to report what the witnesses have said. In no sense of the word does the proceeding before him amount to a trial. The latter can be had only before a judge of the court sitting as a court and having authority to hear and determine the issue. Besides, an appearance before the referee on February 27th, is not an appearance at the trial before the court on March 13th, the date the findings were filed. The record does not, in any sense, disclose jurisdiction over the state as a defendant. The decree is therefore void as to the state, and, being thus invalid, an appeal may be taken from it by the state: *Smith* v. *Ellendale Mill Co.,* 4 Or. 70; *Trullenger* v. *Todd,* 5 Or. 36; *Askren* v. *Squire,* 29 Or. 228 (45 Pac. 779); *Oregon R. & N. Co.* v. *Eastlack,* 54 Or. 196 (102 Pac. 1011, 20 Ann. Cas. 692); *Sturgis* v. *Sturgis,* 51 Or. 10 (93 Pac. 696, 131 Am. St. Rep. 724; 15 L. R. A. (N. S.) 1034); *Holton*

v. *Holton,* 64 Or. 290 (129 Pac. 532, 48 L. R. A. (N. S.) 779). For this reason the decree cannot be classed as one for want of an answer as described in Section 549, L. O. L., saying that:

"Any party to a decree or judgment other than a judgment or decree given by confession, or for want of an answer, may appeal therefrom."

The state is therefore regularly in this court as an appellant, and is entitled to be heard in any manner justified by the record.

6. It has always been held that a party may, for the first time, even in the appellate court, urge the objection that the complaint does not state facts sufficient to constitute a cause of suit. The state attacks the complaint on that ground. Section 507, L. O. L., prescribes the causes for which the marriage contract may be dissolved. They are six in number, and are thus recited:

"1. Impotency existing at the time of the marriage, and continuing to the commencement of the suit;

"2. Adultery;

"3. Conviction of felony;

"4. Habitual gross drunkenness contracted since marriage and continuing for one year prior to the commencement of the suit;

"5. Willful desertion for the period of one year;

"6. Cruel and inhuman treatment or personal indignities rendering life burdensome."

The allegation of the complaint is not referable to either of these subdivisions. It is true the plaintiff says that the conduct of the defendant "has amounted to continuous and willful desertion of the plaintiff within the meaning of the statutes of the state of Oregon governing divorce proceedings."

This, however, is nothing else than a conclusion of law. So far as the facts are alleged, it shows no more

than that the parties have lived apart from each other voluntarily, and that the defendant has neglected properly to support the plaintiff or provide her with a home. A separation in which both parties willingly concur is not, in any sense of the word, a willful desertion of one by the other. Unless his conduct in neglecting to support the plaintiff in accordance with her ideas of such things has been such as to render her life burdensome, it would not amount to legal cruelty or personal indignities within the meaning of the law. The complaint is vulnerable to a general demurrer for want of a statement of facts sufficient to constitute a cause of suit.

7. In the absence of any defense on the part of the defendant husband, the state is entitled, and it is the duty of the district attorney, to make a defense therein on behalf of the state. The record before us does not preclude him from making that defense in this court. In short, owing to the fact that the court did not obtain jurisdiction of the defendant state, the decree rendered was void, and hence appealable by the state, and on an appeal it is entitled to urge the defense that the complaint is insufficient in the statement of facts to constitute a cause of suit. If any of the methods of obtaining jurisdiction of the state had been observed, or if the district attorney had appeared in person at the trial and had failed to make a defense by a pleading of some kind like any other litigant defendant, the decree would then have been one for want of an answer, and hence not appealable; but that is not the case here.

The decree is reversed and the suit dismissed, without prejudice.     REVERSED.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE EAKIN were absent.