Argued February 7, affirmed March 4, 1924.

RE ESTATE OF ALFARETTA STEWART, DECEASED. JOHN T. NELSON, ADMR., *v.* WALTER W. STEWART.

(223 Pac. 727.)

1. In a suit to remove respondent as administrator of the estate of deceased on the ground deceased obtained a divorce decree against respondent, latter's contention that judgment-roll in a divorce suit showed on its face that the Circuit Court never acquired jurisdiction of the subject matter, and that a decree was void, *held* a collateral attack. ·

Divorce — Circuit Court in Divorce Suits is One of General and Superior Jurisdiction.

2. The Circuit Court in divorce suits is one of general and superior jurisdiction.

Process—Statutes Providing for Particular Kind of Service to be Strictly Construed.

3. Statutes providing for a particular kind of service are always strictly construed, and it is necessary that the manner prescribed by the statute for acquiring jurisdiction of any cause be strictly followed.

Judgment—Recital in Decree Contradicted by Record upon Which Decree is Based Gives Way to Record.

4. Recital in a decree which is contradicted by the record upon which the decree is based must give way to the record.

1. Collateral attack on divorce decree, see note in **Ann. Cas.** 1914A, 223.

**Divorce—Record Which Contradicted Findings upon Which Decree was Based Held to Preclude Presumption in Favor of Validity of Decree.**

5. Where the recital in the findings upon which a divorce decree was based were to the effect that the district attorney of the county accepted due service of the complaint and summons more than ten days prior to the trial, but the record showed affirmatively that the district attorney was not served with summons, there was no room for presumption of the validity of the decree.

**Divorce—District Attorney must be Served With Summons Unless He Waives Service Pursuant to Statute.**

6. The statute (Section 1020, Or. L.), must be strictly followed by service of summons upon the district attorney unless waived as prescribed by statute, and a failure to thus serve him is fatal to the divorce proceedings, service upon him of a complaint only not being sufficient.

**Divorce—State is Necessary Party in Divorce Suit.**

7. Though by Section 9720, Or. L., marriage is defined as a civil contract, it is none the less an institution, and is more than a contract, in which other parties besides contracting parties are interested, and hence, under Section 1020, Or. L., the state is a necessary party in a divorce suit.

From Columbia: J. A. EAKIN, Judge.

Department 1.

After a marriage life of about ten years, Alfaretta Nelson Stewart and Walter W. Stewart separated in July, 1919. Walter left the home of his wife Alfaretta either the latter part of July or the first part of August of that year. There were no children born to Alfaretta and Walter. Alfaretta owned a tract of land upon which they had been living together for several years, and which tract of land descended to Alfaretta from her deceased father. On November 11, 1919, they had a property settlement. Alfaretta paid Walter $400 and Walter executed a quitclaim deed attempting to quitclaim to Alfaretta his interest in the aforesaid tract of land. Alfaretta was to sell the land with the personal property thereon, including some livestock, and then was to pay to Walter the price received for the live-

stock. On November 20, 1919, Alfaretta filed her complaint for a divorce from Walter in the Circuit Court for Columbia County. Summons was thereafter issued and duly served upon the defendant personally in that county. The complaint contains the following indorsement thereon:

"State of Oregon, County of Columbia,—ss.

"Due service of the within complaint is hereby accepted in Columbia County, Oregon, this 20th day of November, 1919, by receiving a copy thereof, duly certified to as such by G. A. Gore, one of attorneys for plaintiff.

"GLEN R. METSKER.
"District Attorney for Columbia County, Oregon
"By H. L."

The cause was referred for the purpose of taking the testimony and was thereafter, to wit, on December 12, 1919, tried by the court and findings of fact and conclusions of law made, upon which a decree was duly entered granting to Alfaretta a divorce from Walter. The findings of fact contain this statement regarding the service:

"The plaintiff appearing by her attorneys, Harris & Gore, and the defendant appearing not * * due service of summons and complaint in this suit having been accepted in Columbia County, Oregon, on the 20th day of November, 1919, by Glen R. Metsker, district attorney for said Columbia County."

Alfaretta died intestate on February 7, 1920, and on March 11, 1920, Walter W. Stewart, upon his duly verified petition in which he represented himself to be the husband of Alfaretta, was appointed administrator of her estate. Thereafter a petition was filed by Elzina Elizabeth Nelson, grandmother of the deceased Alfaretta, to have the letters issued to Walter revoked, and her son John T. Nelson appointed ad-

ministrator instead.   Unless Walter was the husband
of the said deceased Alfaretta, her grandmother,
Mrs. Nelson, was her heir.   The County Court, after
a hearing, allowed the petition, revoked the letters
issued to Walter, and appointed Nelson administra-
tor.   Walter appealed to the Circuit Court for Co-
lumbia County from the last-named order; that order
was reversed by the Circuit Court for Columbia
County, and Nelson appeals to this court.

The disposition of this appeal hinges upon the
validity or invalidity of the said divorce.   Four
propositions are involved in the appeal and these will
be considered in their order.            AFFIRMED.

For appellant there was a brief over the names of
*Mr. Isham N. Smith* and *Mr. John F. Logan,* with an
oral argument by *Mr. Smith.*

For respondent there was a brief over the names
of *Mr. Glen R. Metsker* and *Mr. Frank S. Senn,* with
an oral argument by *Mr. Metsker.*

COSHOW, J.—1. The judgment-roll in the divorce
case was introduced as a part of the testimony of
the petitioner Nelson in his petition presented to
have Walter removed as administrator, and was re-
ceived without objection.   It is contended by the
respondent that the judgment-roll in the divorce
suit shows on its face that the Circuit Court never
acquired jurisdiction of the subject matter, and that
the decree was void.   It is contended by the appel-
lant that this contention constituted a collateral at-
tack upon the decree in said divorce case, and this
contention is controverted by the respondent.   The
attack on the decree of divorce is undoubtedly a col-
lateral attack.   This has been decided so frequently

by this court, that the question is not now open for discussion. The matter was very thoroughly considered in *Stadelman* v. *Miner,* 83 Or. 388, 401 (155 Pac. 708, 163 Pac. 585, 163 Pac. 983). Many of the earlier cases in this state are cited in the opinion in that case.

2, 3. It is contended by the respondent that the Circuit Court, in the exercise of its power in hearing and determining divorce suits, is a court of limited jurisdiction. This contention is based upon some language in some of the cases cited in appellant's brief. It is not tenable, however. This court has several times held that the Circuit Court in divorce suits is a court of general and superior jurisdiction. The statute has provided peculiar and special means for conferring jurisdiction on the courts in divorce cases. Statutes providing for a particular kind of service are always strictly construed. It is necessary that the manner prescribed by a statute for acquiring jurisdiction of any cause be strictly followed: *Hooper* v. *Hooper,* 67 Or. 187 (135 Pac. 205, 135 Pac. 525); *Smythe* v. *Smythe,* 80 Or. 150, 154 (149 Pac. 516, 156 Pac. 785); *Northcut* v. *Lemery,* 8 Or. 316, 322; *Bagley* v. *Bloch,* 83 Or. 607, 621 (163 Pac. 425), and cases there cited.

4. The appellant contends in the recital in the findings, upon which the decree is based, to the effect that the district attorney of Columbia County accepted due service of the complaint and summons in said county more than ten days prior to the trial, was binding and conclusive upon collateral attack. If this question were presented here for the first time, it would receive very serious consideration, and possibly a different conclusion might be reached. It has been decided in this court repeatedly, however, that a recital in the decree, which

is contradicted by the record upon which the decree is based, must give way to the record: *Ladd* v. *Higley,* 5 Or. 296; *Heatherly* v. *Hadley,* 4 Or. 1; *Northcut* v. *Lemery,* 8 Or. 316, 322; *Knapp* v. *Wallace,* 50 Or. 348, 354 (92 Pac. 1034, 126 Am. St. Rep. 742) ; *Smith* v. *Whiting,* 55 Or. 393, 400, 401 (106 Pac. 791).

5. A decree of the Circuit Court of this state in a divorce suit is entitled to the same presumptions as to its validity as any other decree of that court. However, the presumptions in favor of such a decree cannot be invoked where the recital of the decree is contradicted by the record. If the record was silent in the instant case, then the recital in the findings, upon which the decree is based, would be conclusive. The record is not silent. The record shows affirmatively that the district attorney was not served. Waiving for the time being the indorsement of acceptance of service on the complaint, the record shows that the district attorney was not served with summons. This court in *Hooper* v. *Hooper,* 67 Or. 187 (135 Pac. 205, 135 Pac. 525), held that service of the complaint only upon the district attorney was not sufficient. The statute must be strictly followed by service of the summons unless waived as prescribed by the statute. There is, therefore, no occasion or opportunity for invoking the function of a presumption: *Smythe* v. *Smythe,* 80 Or. 150, 154 (149 Pac. 516, 156 Pac. 785, Ann. Cas. 1918D, 1094) ; *Odell* v. *Campbell,* 9 Or. 296; 15 C. J., p. 827, § 146, p. 831, § 148, p. 832, § 149; 4 Wigmore on Evidence, § 2491, p. 3534.

6, 7. The appellant further contends that the property settlement between Alfaretta and Walter on the date prior to the commencement of the divorce proceedings prevents Walter from now questioning

the divorce decree. Estoppel was formally pleaded. The vice of this argument, however, is in the fact that the alleged settlement was made before the decree was entered and even before the divorce suit was instituted. It is not shown that the settlement was made in anticipation of a divorce. Even if Walter would have been estopped by accepting the benefits of the decree, there is nothing in the instant case to establish the fact that he has in any way accepted the benefits of that decree. The decree settled no property rights. Nothing was done by Walter, so far as the record discloses, after the decree was entered, indicating his acceptance thereof.

We do not wish to be understood as deciding, even if the alleged property settlement would be considered as accepting the benefits of the divorce decree, that the result would be different in this case. The authorities heretofore cited clearly establish the principle that failure to serve the proper district attorney is a fatal omission in the necessary steps to procure a divorce, unless the district attorney has waived the service as prescribed by the statute. This court has uniformly held that a divorce decree granted was void where the district attorney neither appeared, waived service nor was served as prescribed by the statute.

It must always be remembered that the marriage relation is something more than a contract: *Rugh v. Ottenheimer,* 6 Or. 231 (25 Am. Rep. 513). It is true it is defined by the statutes of this state as a civil contract: Section 9720, Or. L. This definition, however, must be construed as other declaratory statutes are construed in the light of the circumstances and conditions causing their enactment. Marriage is held by a great many people to be a sacrament. It was believed on the part of a large

percentage of our population that a marriage ceremony could only be solemnized by the church. In other words, it was deemed to be a religious ceremony, without which, no marriage could be considered binding and obligatory: 1 Schouler's Marriage, Divorce, Separation and Domestic Relations (6 ed.), p. 17, § 13. In order to set at rest all contentions about the matter our statute has provided that a marriage is a civil contract. It is no less an institution in this state. Other parties besides the contracting parties are interested in the marriage. For that reason, Section 1020 of our Code was enacted. The state is a necessary party in a divorce suit: *Hooper* v. *Hooper*, 67 Or. 187, 189 (135 Pac. 205, 135 Pac. 525); *Jacobs* v. *Jacobs*, 79 Or. 143 (154 Pac. 749); *Orr* v. *Orr*, 75 Or. 137, 141 (144 Pac. 753, 146 Pac. 964).

For these reasons the decree of the Circuit Court is affirmed.    AFFIRMED.

BEAN, BURNETT and RAND, JJ., concur.