Argued March 19; reversed March 25, 1941

## WAHTERS *v.* WAHTERS
### (111 P. (2d) 632)

Before KELLY, Chief Justice, and BELT, BAILEY, LUSK, RAND and ROSSMAN, Associate Justices.

*Leroy Lomax* and *George E. Hoisington,* both of Portland, for appellant.

No appearance for respondent.

KELLY, C. J. From a decree of divorce in favor of plaintiff on the ground that defendant is permanently insane, defendant, by her guardian ad litem, appeals.

This case was submitted upon the brief of defendant without argument.

■ The summons was not served upon the district attorney, nor was any appearance or admission of service made by that officer. For this reason, the decree rendered herein is invalid. *Re Estate of Stewart*, 110 Or. 408, 223 P. 727; *Hooper v. Hooper*, 67 Or. 187, 135 P. 525; *Smythe v. Smythe*, 80 Or. 150, 149 P. 516, 156 P. 785, Ann. Cas. 1918D, p. 1094.

In this case, the guardian ad litem first appointed applied for an allowance of suit money. Defendant was confined in the Oregon State hospital. Her guardian ad litem urged that she was not incurably insane, and that plaintiff had not furnished adequate clothing and other necessities for her. The trial court declined to make any allowance of suit money until the case was heard upon the showing made by plaintiff.

During the trial, the application for suit money was renewed and when the trial court failed to grant the application and order suit money to be paid, the guardian ad litem resigned. Later, a second guardian ad litem was appointed who prosecuted this appeal.

■ The plaintiff is shown to have had sufficient means to pay a reasonable sum to his wife for her defense. The defendant is without means. We think that a reasonable allowance for atorney's fees and suit money should have been made in time to enable defendant to prepare her defense before trial upon the merits.

The decree of the circuit court is reversed and the cause remanded for further proceedings not inconsistent herewith.