## MANN v. MORRISON, Judge.

No. 6470.   Decided October 28, 1942.   (130 P. 2d 286.)

See 35 Am. Jur., 24; 27 C. J. S., Divorce, sec. 242.

*Arthur Woolley,* of Ogden, for plaintiff.

*Grover A. Giles,* Atty. Gen., and *Zar E. Hayes* and *Calvin Rampton,* Deputy Attys. Gen., for defendant.

PER CURIAM.

This is an application for a writ of mandamus, directing the Judge of the District Court of Box Elder County to issue an order to the plaintiff in a divorce suit pending in that court to show cause why he should not be required to pay to his defendant wife maintenance and support money, suit money and attorneys' fees pending the trial of the cause.

Suit for divorce was filed by David Horace Mann against May Vasta Randall Mann in the District Court of the First Judicial District, Box Elder County, Utah, on December 29,

1941. After service of summons and within time, defendant therein appeared by her counsel, filed a demurrer, and an affidavit of merits and application for an order directing the plaintiff husband to show cause why he should not be required to pay to the defendant wife $100 monthly during the pendency of the suit for her support and maintenance, $500 for costs and expenses in presenting her defense and counterclaim, and $500 to apply on her attorneys' fees.

The lower court, on the same day this application was made, entered an order stating that

> "it stood ready to hear and determine the cause on its merits within the earliest possible time such order could be heard and from the facts as set forth by said pleadings, the matters of costs, alimony and attorneys' fees should be determined at the time of final disposition of the matter and in the discretion of the court the application should be denied,"

and so ordered.

Plaintiff herein thereupon instituted this original proceeding. Alternative writ of mandate was issued directing the defendant Judge to issue the process referred to or to show cause why it had not been issued, to certify the record to this court, and staying all further proceedings in the court below other than the application for citation and order to show cause.

The order to show cause should have been issued on the application and showing made. The principle is, by implication, involved in *State ex rel. Hettrick* v. *Long, Judge,* 183 Wash. 309, 48 P. 2d 224; *Wahters* v. *Wahters,* 166 Or. 195, 111 P. 2d 632.

A peremptory writ of mandate is ordered, directing the defendant herein to issue the order to show cause and hear the said motion upon its merits before the trial of the case proper.