Argued and submitted September 30, 1985, reversed and remanded June 3, 1986

In the Matter of the Marriage of

HENRY,
*Respondent on Review,*

*and*

HENRY,
*Petitioner on Review.*

(No. D83-0779; CA A30423; SC S31788)

721 P2d 430

Nancy Sideras, Hillsboro, argued the cause for petitioner on review. With her on the brief was Nancy Sideras & Associates.

Thomas P. Howe, Howe & Harder, Portland, filed a response brief for respondent on review and waived oral argument.

LENT, J.

## LENT, J.

The issue is whether the Court of Appeals has jurisdiction over an appeal by a party who failed to answer in circuit court although that party concedes that she was personally and properly served with summons in another state. We hold that the Court of Appeals has jurisdiction.

This is a suit by a husband for dissolution of a marriage. The husband's petition alleged that he had been a resident of and domiciled in Oregon for a period of six months preceding commencement of the suit, thus satisfying the requirement of ORS 107.075(2) for jurisdiction of a suit for dissolution. In addition to seeking dissolution, the husband petitioned the court to declare that certain real property occupied by the wife in the State of Washington "should be declared to be held by the parties as tenants in common."[1] The petition also alleged that personal property in the possession of the husband in Oregon should be awarded to him and personal property in the possession of the wife in Washington should be awarded to her. The petition further alleged that the parties had two minor children, a daughter residing with the wife and a son residing with the husband. The husband asked that each party be awarded the custody of the child then living with that party and that the husband should be ordered to pay $100 per month for support of the daughter.

The wife did not appear in the circuit court by answer or otherwise. After the time for appearing had expired, the husband applied for an order of default. The court ordered that "the respondent is in default" and entered a decree[2] in accordance with the husband's prayer in the petition, granting

---

[1] The petition did not allege that the husband had any interest whatsoever in the property as of the time of filing the petition.

[2] In his brief in the Court of Appeals the husband acknowledges that his wife was represented by an attorney in Washington, who had corresponded with the husband's attorney "on many occasions." The wife has not contended that the husband should have complied with ORCP 69B.(2), which provides in part:

"[I]f the party seeking judgment has received notice that the party against whom judgment is sought is represented by an attorney in the pending proceeding, the party against whom judgment is sought * * * shall be served with written notice of the application for judgment at least 10 days * * * prior to the hearing on such application."

*See Denkers v. Durham Leasing Co.,* 299 Or 544, 704 P2d 114 (1985).

dissolution of the marriage, awarding custody and support, dividing the personal property wherever held and declaring the parties to be tenants in common of the real property in Washington.

The wife timely filed notice of appeal. She conceded the circuit court's jurisdiction to dissolve the marriage but contended that the circuit court lacked jurisdiction to award custody of the children and to make provision for support for want of proper basis in the pleadings and that the court lacked jurisdiction either *in rem* or *in personam* to divide the personal property and to declare the rights of the parties in and to the real property. The Court of Appeals concluded that wife's arguments were irrelevant because it lacked jurisdiction to hear an appeal from a decree given for want of an answer where the defaulting party was properly served.

■       There is no inherent right to appellate court review; the right to appeal springs from statute. *Waybrant v. Bernstein,* 294 Or 650, 653, 661 P2d 931 (1983). Right to appellate review is provided by ORS 19.020, which states in part that "[a]ny party to a judgment or decree, *other than a judgment or decree given * * * for want of an answer,* may appeal therefrom." (Emphasis added.) This text does not authorize appeals from judgments or decrees given for want of an answer.

This court held in *Smith v. Ellendale Mill Co.,* 4 Or 70 (1870), however, that there is an exception. In that case summons was served requiring defendant to appear in Multnomah County Circuit Court for an action commenced in Marion County Circuit Court. Defendant did not appear and judgment was given in Marion County. Defendant appealed, contending that the trial court had no jurisdiction of defendant. Plaintiff moved to dismiss the appeal. A statute, General Laws of Oregon, chapter 2, section 246 (Deady 1845-1864), provided that judgment for want of an answer could be given when defendant had been "duly served with the summons." The court reasoned that the judgment was not one which could be taken for want of an answer; it therefore denied the motion to dismiss the appeal and reversed the judgment of the trial court.

In *Trullenger v. Todd,* 5 Or 36 (1873), this court explained that *Smith v. Ellendale Mill Co., supra,* held the

judgment was void for want of jurisdiction over the person of defendant. In *Trullenger* the sheriff had made a return of service on the defendant by showing service on a person over the age of 14 years at the defendant's dwelling house. The court noted that the statute permitted such service only if the defendant "be not found" and that the return of service did not show that the defendant could not be found. It reversed the judgment as being void under *Smith v. Ellendale Mill Co., supra.*[3]

In the case at bar, the Court of Appeals noted the decision in *Smith v. Ellendale Mill Co., supra,* and stated that since that decision "the only cases in which an appeal has been allowed from a default have involved improper or nonexistent service." *Henry and Henry,* 73 Or App 188, 191, 698 P2d 496 (1985).

Neither party nor the Court of Appeals has cited the case of *Oregon Lumber & Fuel Co. v. Hall,* 76 Or 138, 148 P 61 (1915). That was a suit to foreclose a lien. The complaint alleged that several named defendants "claim an interest in and to said property, and that they be required to set up such interests as they may have." One of those defendants "made default," and a decree was eventually entered foreclosing that defendant of all interest in the property. That defendant "moved to open up the default, which being denied, it appeals." 76 Or at 139-40. Neither the opinion nor the appellant's brief, 372 Oregon Briefs 424, gives any clear picture of the assignment of error to which the court spoke. The appellant argued that its failure to answer merely admitted the truth of the allegation above quoted and did not establish what its interest was or where that interest stood in

---

[3] In *Trullenger v. Todd,* 5 Or 36, 39 (1873), plaintiff apparently contended that because the judgment was void and therefore a nullity, no appeal would lie. This court said:

"While it appears to be generally conceded that a void judgment may be disregarded and treated as a nullity, whenever any right is claimed under such judgment, whether it has been appealed from and set aside by a competent court or not, it appears also to be the constant practice for courts of review to entertain appeals from such judgments for the purpose of reversing and purging the records of such judgments. It was so held in the case of *The People v. Ferris* (33 New York, 220). In that case the court says: 'It has been the constant practice of courts of review to reverse judgments and orders granted without jurisdiction. This is often the only way in which the records of the courts can be purged of errors and dangerous precedents.' (7 Cal. 280; 16 Cal. 65, to the same effect.)"

the order of priority of the interests of the various parties. Citing *Smith v. Ellendale Mill Co., supra,* and *Trullenger v. Todd, supra,* this court noted as "settled" that an appeal may be taken from a void decree when taken by default. The court then held that the decree was "absolutely void" as to appellant and reversed the decree.

*Oregon Lumber & Fuel Co. v. Hall,* in turn, was cited in *Salem King's Products Co. v. La Follette,* 100 Or 11, 16, 196 P 416 (1921), *overruled on other grounds,* for the proposition that "in this jurisdiction a void judgment or decree, even though entered after default, is appealable." In *Kerschner v. Smith,* 121 Or 469, 473, 236 P 272, 256 P 195 (1927), this court again cited the case for the rule that "[f]rom the beginning, however, this court has recognized that a void default judgment is appealable."

*Smythe v. Smythe,* 80 Or 150, 149 P 516, 156 P 785 (1916), was a suit for divorce. Defendant was personally served in another state and made no appearance. At that time our statutes required that the district attorney be served with summons in a suit for divorce. No service was made on the district attorney, and the state made no appearance by answer or otherwise. The state appealed from the decree of divorce granted to the wife, contending that the complaint failed to state ultimate facts sufficient to constitute a cause of suit. Plaintiff moved to dismiss the appeal. The court held that the failure to serve the district attorney deprived the circuit court of jurisdiction to hear the cause and also of jurisdiction over the state as a defendant; therefore, the decree was void as to the state and the state was entitled to appeal. Because the decree was void, "the decree cannot be classed as one for want of an answer." 80 Or at 158. *Smith v. Ellendale Mill Co., supra,* and *Trullenger v. Todd, supra,* were cited as authority for the holding.

It thus appears that despite the clear text of ORS 19.020, this court has often assumed jurisdiction of an appeal by one who did not answer if the default judgment was void. The reason for doing so appears to rest on the statement from *Trullenger v. Todd, supra,* quoted in footnote 3, *supra.* That hardly can be said to be a principled reason. It does no more than to note that appellate courts allow such appeals to purge the records of void judgments. This court has never explained

how it obtained any authority to purge such judgments of the trial court.

■     The legislative text barring appeals by one who has not filed an answer expresses a policy that a defendant cannot simply fail to appear and then appeal a judgment by default for asserted errors in the proceedings leading to the judgment such as receipt of improperly obtained evidence upon a hearing to establish a prima facie case. The legislative policy assumes that the complaint is filed in a court which would have jurisdiction to render a judgment on the subject matter of the complaint and that proper service of summons to attain the relief sought by the complaint would obtain jurisdiction over the defendant. It would not be part of any plausible legislative purpose to give finality, against appeal, to a judgment of a court without jurisdiction over the cause or the defendant, merely because the defendant failed to file an answer that she had no obligation to file for any other purpose.

Aside from furnishing at this late date a rationale for those early cases, however, we believe there is strong reason for following them. Those cases are, at least implicitly, interpretations of the appeal statutes in the sense that this court has consistently held that they do not bar an appeal from a void judgment.

> "Statutory interpretation particularly implicates the rule of *stare decisis.* When this court interprets a statute, that interpretation becomes 'a part of the statute as if written into it at the time of its enactment.' *State of Oregon v. Elliott,* 204 Or 460, 465, 277 P2d 754, *cert den* 349 US 929, 75 S Ct 772, 99 L Ed 1260 (1955). Compare the statement in *Cottrell v. C.I.R.,* 628 F2d 1127, 1131 (8th Cir 1980):
>
>> " 'The doctrine of *stare decisis,* weighty in any context, is especially so in matters of statutory construction. For in such cases Congress may cure any error made by the courts. Until it does, the bar and the public are justified in expecting the courts, except in the most egregious cases, neither to depart from previous interpretations of statutes, nor to give them a grudging application.' "

*State v. Clevenger,* 297 Or 234, 244, 683 P2d 1360 (1984). For 115 years the legislature has not seen fit to question this statutory interpretation, and we conclude that the interpretation should not be abandoned.

The Court of Appeals has succinctly set forth the claims of the wife as to the want of jurisdiction of the trial court:

"Wife appeals, making various jurisdictional arguments. She concedes that the court had jurisdiction to dissolve the marriage. However, she contends that, because she was not subject to personal jurisdiction in Oregon, the court could not validly dispose of the property located in Washington. She also argues that, because husband failed to comply with the requirements of the Uniform Child Custody Jurisdiction Act, ORS 109.700 to 109.930, the court lacked jurisdiction to make a custody award. Finally she asserts that, in the absence of a valid custody award, and because husband failed to provide information in his petition that is required by ORS 107.095(4)(a) and (b), the court lacked jurisdiction to order child support."

73 Or App at 190. To the extent that any of her claims are valid so as to make any particular part, or parts, of the judgment void for want of circuit court jurisdiction, the Court of Appeals has jurisdiction to hear her appeal.

Reversed and remanded to the Court of Appeals.